## MARY ANN GUIER *v.* PHILLIP GUIER, Administrator.

An usufruct in real estate or slaves must be established by written evidence; parol proof of its existence is insufficient.

An administrator of an estate, in matters concerning the succession, is subject to the ordinary rules of evidence, and even when interrogated on oath to answer interrogatories as a party, he cannot give evidence in favor of his mother against the succession.

APPEAL from the District Court of Carroll, *J. N. T. Richardson*, J.   *Short* and *Parham*, for plaintiff.   *Selby*, for defendant.   The judgment of the court was pronounced by

PRESTON, J.   The plaintiff alleges, that *George Guier*, deceased, who was her son, purchased three slaves, named *Bob*, *John* and *Clarissa*, with money which was furnished by her and her deceased husband, *John P. Guier*, amounting to about eighteen hundred dollars; that the money came to them as their portion of the succession of another son, named *Emanuel Guier*, who died, leaving no descendants.   She alleges, that the condition on which the money was furnished to *George Guier* was, that he should purchase the negroes in his own name, which he did, but that they should be under the control and management of her late husband and herself, who were to have their services and labor during their lives.   She further states, that in point of fact, she and her late husband did enjoy the services of the slaves during a period of about ten years, but that the defendant, who is the administrator of *George Guier's* estate, in 1848, took the slaves from her, and refuses to allow her their services or hire, which is worth two hundred and fifty dollars a year.   She sues the defendant for the enjoyment of the services of the slaves, and in default thereof, for the sum of $1800.

Uusufruct may be established by all sorts of titles; by a deed of sale, by a marriage contract, by donation, compromise, exchange, last will, and even by operation of law, and may be established on every description of estates, movable or immovable, corporeal and incorporeal. Code, 532, 533.

We think it a fair and reasonable interpretation of these articles, that when a usufruct is established on immovable property, it should be established by a written title.   The usufruct creates an interest in the property itself, which is transferred from the owner to the usufructuary.   Now, every transfer of immovable property, or slaves, must be in writing.   Code, 2255.   We see no reason why an antichresis should be in writing, and that the establishment of a usufruct on real estate should not be.   Both give rights upon the immovable property itself, and our laws have ever guarded the interests in immovable property by written titles.

We think, therefore, the verbal testimony as to the ownership of the slaves, in opposition to the written titles, should have been rejected by the court.

The defendant himself was put upon oath, and substantially admitted the usufruct claimed, taking a bill of exceptions, however, to the opinion of the court, that he could be put upon oath, and to the admission of his answers to interrogatories, as evidence. He was the administrator of an estate, and on that account his testimony was subject to the ordinary rules of evidence.   Being the son of the plaintiff, he could not testify for or against her.   Code, 2260.

GUIER
v.
GUIER.

The plaintiff claims, that in case of her failure to establish the usufruct, eighteen hundred dollars, the value of the slaves, should be paid to her, because they were bought with money belonging to her late husband and herself, from the estate of a deceased son, *Emanuel Guier.* They sold their interest in his estate to their son, *George Guier,* and it appears by the bill of sale, that they were paid, as fully acknowledged by them in 1834. And even if the funds were, in point of fact, left in the hands of the vendee, to purchase slaves for the plaintiff and her late husband, still, their claim to the funds has long since been prescribed as plead by the defendant.

The judgment of the district court is reversed, and the appellee is decreed to pay the costs in both courts.