J. SURGET v. F. STANTON.—F. SURGET v. THE SAME.

In an order of court granting a *suspensive* appeal it is not necessary to fix the sum for which the bond is to be given; the law fixes the amount.   Article 574 C. P. refers entirely to *devolutive* appeals.

The description in the petition of appeal of "final judgment" is sufficient.   This description identifies the judgment mentioned in the appeal bond, of which judgment the date is blank in the bond.

This court will not enquire into the sufficiency of the security offered for the appeal.   It is the province of the court of the first instance.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Day* and *Smiley & Perrin*, for plaintiff.   *Gaither* and *Benjamin, Bradford & Finney*, for defendant and appellant.

BUCHANAN, J.    In each of these cases a motion has been made by appellee to dismiss the appeal on various grounds.

The first is, that no sum has been fixed by the order of court as to the amount of the bond to be given for the appeal.   It was not necessary to fix a sum.   The appeals are suspensive, and the law fixes the amount of the bond.   Code of

Practice, Article 575. The requirement of the Article 574, relied upon by appellee, that the Judge shall state the amount of the surety to be given by appellant, refers entirely to devolutive appeals. *Duperrou* v. *Van Winkle*, 1 Rob., 324.

The second ground is, that the petition of appeal does not set forth what judgment the defendant desires to appeal from. The petition avers error in the *final* judgment rendered against defendant in the cause. This is a sufficient description of the judgment. This description also identifies sufficiently the judgment mentioned in the appeal bond, of which judgment the date is blank in the bond, which constitutes another ground of this rule to dismiss.

The fourth ground objects to *E. A. Bradford,* one of the securities in the appeal bond; and the fifth to *Buckner* and *Newman,* who are also securities in said bond, for various reasons stated. Objections to the securities should have been made in the court below. Such is the practice consecrated by many precedents. We cannot undertake here to enquire into the sufficiency of the security offered for the appeal. It is the province of the Judge of the court of the first instance to ascertain that the requisitions of the law in this respect have been complied with.

It is ordered, etc., that the motion to dismiss these two appeals be overruled, at the cost of appellee.