No. 3134.—DENNIS LYNCH, etc. v. Heirs of HUGH LYNCH.

A donation *inter vivos* of the usufruct of an immovable must be in writing. C. C. 1523. Parol evidence is, therefore, inadmissible to establish a verbal donation to the usufruct of a. lot of ground.

To constitute a valid donation of a usufruct, the donor must be capable of acquiring the property at the time the donation takes effect. Therefore, a donation of a usufruct made in favor of a slave is void and of no effect.

APPEAL from the Ninth Judicial District, parish of Rapides.   W. B. Hyman, attorney at law, judge *ad hoc,* in place of Osborne, J., recused.   *Ryan & White,* for plaintiff and appellant.   *T. C. Manning,* for defendants and appellants.

This case was tried by a jury in the court below.

LUDELING, C. J.   The plaintiff alleged that he was formerly the slave of Hugh Lynch, who died in Rapides parish; that, in considera-

tion of long and faithful service to him, said Lynch placed petitioner in possession of a certain lot of ground in the town of Alexandria, and gave him the usufruct of the lot and buildings thereon during petitioner's life, and that said Lynch bequeathed the usufruct of the lot and buildings to him by his last will. He further alleges that the heirs of Hugh Lynch had advertised the lot and buildings aforesaid for sale as a part of the property of the succession of Hugh Lynch, and he obtained an injunction to prevent the sale. The case was tried by a jury, who rendered a verdict in favor of the plaintiff, and the defendants have appealed.

On the trial, the plaintiff offered several witnesses to prove that the usufruct of the square of ground and house mentioned in the petition had been verbally given to him. The defendants objected to this testimony, on the grounds that the donation of the usufruct of immovable property could only be made in writing, and that a verbal donation could not be legally established. The objection was overruled and the testimony was received, and the defendants reserved a bill of exceptions.

The ruling was erroneous. Article (462) C. C. declares: "Incorporeal things, consisting only in a right, are not of themselves strictly susceptible of the quality of movable or immovable, nevertheless they are placed in one or the other of these classes, according to the object to which they relate, and the rules hereinafter established." Article (463) says: "The following are considered as immovable, from the objects to which they apply: The usufruct and use of immovable things; a servitude established on real estate," etc. And article (1523) declares: "An act shall be passed before a notary public and two witnesses of every donation *inter vivos* of immovable property or incorporeal things, such as rents, rights, credits or actions, *under the penalty of nullity*."

Therefore, the objection should have been sustained and the testimony excluded. And as the plaintiff offered no other evidence to sustain his pretensions, there must be judgment against him on this ground, if there were no other. But the record shows that the plaintiff had not the capacity to acquire the property in question, either at the time it is alleged the verbal donation was made or when Hugh Lynch died, and that his pretensions are without the slightest foundation in law.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, that the verdict of the jury be set aside, and that there be judgment in favor of the defendants dissolving the injunction, with one hundred dollars damages and costs of both courts.