## No. 987.

ELIZABETH F. BAILEY, TUTRIX, ET AL. VS. DAVID WARD.

Permission given verbally to occupy immovable property during the lifetime of the donee without any rent or charge, does not confer any right of usufruct, use or habitation, but simply constitutes a tenancy at will, revocable at the pleasure of the owner.

Oral evidence is admissible, in such a case, to prove the simple fact of the permission to occupy the property without rent, but not to establish any title to the property itself, whether of ownership or usufruct, use or habitation, derived from, or created by such permission.

APPEAL from the Eleventh Judicial District Court, parish of Union. *Graham*, J.

---

James A. Ramsey Attorney for Plaintiffs and Appellees:

A contract by which one party transfers and grants to another the right to occupy and use land, and derive from the same all the benefits of it during his or her natural life, free of any charge, is a contract of usufruct, and can be established only by written evidence. C. C. 470-1, 533-40, 628, 646, 2275, 1536; 7 An. 103; 23 An. 242.

One who occupies the premises of another, even with his consent, for a time, gratuitously, is bound to deliver the property to the owner upon demand, and if he does not deliver it upon demand he must pay rent thereafter.

J. E. Trimble for Defendant and Appellant:

The right to the use and occupancy of land does not imply any right of

ownership therein, and may be proved by parol evidence, re-affirm-
ing 18 L. 70 ; 8 M. 702 ; 2 L. 161.

A personal servitude, as a real servitude, may be established by the
destination made by the owner of the land, and this destination can
only be established by parol evidence. The destination is equiv-
alent to title.

Continuous apparent possession for ten years gives title to a personal
servitude.   •

One possessing real property through the owner and with his consent is
a possessor in good faith, and if evicted is entitled to pay for all
improvements placed upon the land.

———

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This suit has for its object the recovery of real
estate and of money for the occupancy of the same.

The defendant resists dispossession and payment, relying upon acts
of benevolence on the part of the owner.

The circumstances of the case, which it is unnecessary to reiterate,
are fully set forth in the two opinions delivered by the previous Court in
this matter, on the subject of the admission of *oral* testimony in sup-
port of the defense.   To those opinions we specially refer.   By the
decree rendered, the case was remanded for the purpose of admitting
the evidence previously rejected.   That testimony was offered, but was
opposed.   To adverse ruling a bill was taken, and the evidence received.

We do not consider that the late Court, by remanding the case, in-
tended to permit the introduction of parol evidence to show title to an
element of ownership of real estate, but merely to allow the defendant
to establish the *character* of his alleged title, in view thereafter of pass-
ing upon the validity of such testimony and of regulating its effects.

So far as the testimony is offered, and was permitted to be intro-
duced, to show any title whatever to the realty, whether in the shape of
ownership, usufruct, use, or habitation, it is illegal, and is to be elimi-
nated, as the law requires written evidence in such cases ; 7 A. 103 ; 23
A. 242 ; but, in so far as it was purposed to show *permission* on the
part of the owner to occupy the property without paying rent or con-
tribution for such occupancy, it is legitimate and can be weighed.

The evidence establishes that McLelland, the owner of the land,
and father of the minors, plaintiffs, had given verbally the free enjoy-
ment of the land to his mother and to her husband, his father-in-law,
*for the term of their life*, thereby exonerating them from all rent during
that period.   The verbal permission to occupy *during life* cannot have
the effect of conferring any right of usufruct, use, or habitation, and

must be considered as not uttered. Such permission must be treated only as authority to occupy the property during the good pleasure of the owner, thus constituting the defendant a tenant at will, subject to be ejected at any moment. We find no evidence of the value of the occupancy of the land.

The District Judge gave judgment in favor of the plaintiff for the land, but did not allow the rent claimed. Plaintiff must be nonsuited as regards the rent claim.

It appears that improvements have been put upon the land by the defendant. The right to remove them, or demand their value, must be reserved to the defendant.

Judgment affirmed with costs, reserving the rights of parties to claim value of occupancy on the part of plaintiff and value of improvements on the part of defendant.

---

### ON APPLICATION FOR REHEARING.

We are asked to allow to the defendant in this suit the value of the improvements put by him on the property which he was to occupy free of rent, as the evidence in the record shows such value. Conceding that proof of such value has been introduced and establishes the claim, it does not follow that plaintiff is to be condemned to pay under the showing made for such improvements. As a condition precedent, it should have been established that plaintiff would not permit their removal. There is no evidence to prove that the defendant offered to remove those improvements. The testimony, on the contrary, shows his determination not to move his person, effects, or property, and to remain in possession of the land to the end of his life.

We think it is just to leave to both parties the assertion, vindication, and liquidation of the rights which they uphold the one against the other; the plaintiff to claim value of occupancy, and the defendant to claim value of improvements, in subsequent proceedings.

Eliminating, as we have done, from the testimony that portion of it which was admitted to show authority to occupy the land, " *during life*," we construe the remaining evidence which is considered as legal as proving *nothing beyond a tenancy at will.*

Rehearing refused.