## No. 7960.

### ALLEN, NUGENT & CO. vs. G. W. CARY ET AL.

A Motion was made in the Court *a qua* to dismiss the Appeal, on the ground that the surety on the bond was a commercial firm, which did not answer the requisites of the law. The lower Court did not pass upon this point in deciding the Rule, and reserved the right of Appellees to urge it before this Court. The parties not having appealed from the ruling, this Court cannot revise it.

The partner who signed the name of his firm on the bond, being personally bound and presenting the legal qualifications of a surety, the bond is valid and the Appeal should be maintained.

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

W. S. Benedict for Plaintiffs and Appellees.

Bayne & Renshaw and John A. Campbell for Defendants and Appellants.

The Court *a qua*, after hearing, determined the solvency of the surety.

A commercial firm is competent to become sureties where the partners consent, and the person signing the bond is always bound and is a good surety.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The appeal bond in this case was signed by A. H. May, in the name of the firm of Richardson & May, as surety, of which he was a member.

It is claimed that, because the bond is signed in the name of the partnership, it is irregular and void. In support, it is said: that the name of the proposed surety is not that of a person able to contract ; that the firm, as such, cannot become surety without the consent of its members ; that one of the members is a non-resident and does not possess the requisites of the law ; that the surety on the appeal bond is not such as the law requires.

The record shows that an identical rule was taken below by the plaintiffs, under which evidence was received. But the court merely passed upon the solvency of the surety, reserving the rights of the plaintiffs to urge before this Court the other grounds, dismissed the rule.

We find no complaint of that judgment here, neither party having appealed from it. In the absence of such complaint and appeal, we can pass upon neither the fact of the authorization of May by his co-partner Richardson to sign the bond, in the name of the firm, nor

upon the fact of the *goodness* and *solvency* of May or of the firm, and are confined to the other grounds.

It is well settled, that the partner who subscribes the name of the firm, without authority, is personally bound in all cases. 13 L. 362 ; 21 A. 731.

We derive our information of the signature of the bond, in the name of the firm, by Mr. May, from the motion and the brief in support of it. On the face of the motion, it is untenable.

The right of appeal is a constitutional and valuable one, which should always be entertained with favor whenever it exists. 30 An. 285.

It is, therefore, ordered that the motion to dismiss be overruled.