No. 10,780.

CHARLES DEGRUY vs. JOSEPH A. AIKENS & Co.

The right of appeal is the rule; it will be maintained unless it be clearly shown that appellant has failed to comply with essential form and requirement.
The omission to affix stamps in time on the copy taken of the testimony will not be sufficient cause to dismiss the appeal when the case can be considered without regard to the unstamped testimony.

DeGruy vs. Aikens & Co.

A PPEAL from the Civil District Court for the Parish of Orleans.
   *King, J.*

*A. L. Tissot* and *Branch K. Miller* for Plaintiff and Appellee:

In a suit for damages for personal injuries, a defendant who pleads contributory
   negligence, admits his own negligence.  42 An. 4; Am. and Eng. Encycl. of Law,
   p. 18; 34 An. 1088; 32 An. 617; 38 An. 116.

A contractor sued for damages caused by a defect in public work, which he agreed
   to keep in repair, can not urge a want of notice of the defect, where he denies
   that the defect existed.  37 An. 492, 495.

A contractor who, under a law requiring the leasing of a public work, becomes
   lessee thereof with an engagement to keep the work in good repair and condi-
   tion, is held to a higher measure of care than a municipal corporation, and, for
   damages caused by a breach of his obligation, may be held without notice of
   non-repair.  109 Mass. 522; 18 Pick. (Mass.) 357; 63 Pa. St. 296; 22 Pa. St. 384; 73
   Pa. St. 491; 7 Mass. 169.

*Bayne, Denègre & Bayne* for Defendants and Appellants.

ON MOTION TO DISMISS.

It is sufficient to say that the rule to dismiss embraces no such ground, the only
   grounds being that the form of the appeal bond is not proper, and that the
   surety is not good and solvent.  The first was disposed of by the judgment of
   this court, the second, by judgment *a quo*, and is the only matter now before the
   court.  If any other ground had been presented in the lower court, we would
   have met it there by evidence; but plaintiff can not now present a new ground
   for dismissal on a point not raised in his motion, nor presented to the court
   below.

The right of appeal is a constitutional right and will be favored, and no appeal dis-
   missed unless the law imperatively commands it.  Brewing Co. vs. Boebinger,
   40 An. 277; Murrell vs. Murrell, 33 An. 1233; LeBlanc vs. Rougeau, 39 An. 230, 33
   An. 271; 30 An. 1127; Coyle vs. Creevy, 34 An. 539.

If there be no evidence in the record, the judgment reciting that it was founded
   upon the law and evidence adduced, the Supreme Court will assume that the
   judge *a quo* had before him sufficient evidence to justify his judgment.  Succes-
   sion of Jno. T. Moore, 42 An. 335; Huntington vs. Bordeaux, 42 An. 348.

The parties were not required to have their evidence reduced to writing, or see
   that a note is made of the evidence adduced.  It was competent for them to
   have secured a statement of facts.  Succession of Moore, 42 An. 335.

ON THE CASE ITSELF.

The lessees of the public wharves of the City of New Orleans are not insurers of
   the safety of all who go on said wharves; they are only liable for failure to exer-
   cise reasonable and proper care in the repair and maintenance of the wharves.

It being established by the evidence that defendants exercised the highest degree
   of care and diligence, and did not know of any missing plank, they can not be
   held liable for injury sustained by plaintiff.

Especially where the burden of proof being on the plaintiff he fails to prove that the defect was known to defendants, or had existed a sufficient time before the accident to presume knowledge on their part.

Such is the well established rule with regard to municipal corporations, and defendants, assuming the obligations of the City, are not bound to a higher degree of care.

As to municipal corporations see Dillon on Municipal Corporations, 3d Ed., Secs. 1019, 1020, 1015, 1024, 1025; Weightman vs. Winship, 1 Black, 52; Goodenough vs. Oshkosh, 24 Wisconsin; 550; Doulon vs. City of Clinton, 33 Iowa, 398; Chicago vs. McCarthy, 75 Ills. 604; Todd vs. Troy, 61 N. Y. 509; Dewey vs. Detroit, 15 Mich. 307.

The apron or incline portion of the wharves not being a walking place, or intended as such, and being dangerous especially in wet weather, the plaintiff was guilty of contributory negligence in going upon that portion of the wharves, and can not recover. Weeks vs. R. R. C., 41 An. 802; Murray vs. Pont. R. R., 31 An. 491; Schwartz vs. C. C. R. R. Co., 30 An. 15, 34 An. 144, 33 An. 156, 30 An. 15, 32 An. 616; Deikman vs. R. R. Co., 40 An. 787.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff appeals from a judgment refusing to set aside an order of appeal, and to order execution to issue against the defendant, on the ground that the appeal bond was defective in form and that the surety was not good and solvent.

On the trial of the rule in the District Court to dismiss the appeal, evidence was taken, but filed some thirteen days after the rule had been heard, and several days after the dismissal.   The appellee, in his brief, invokes paragraph 48, Section 7, of Act 136 of 1880, and contends that the testimony should be not only stamped, but also filed, before judgment, and that in the event of an appeal no testimony not so stamped and filed before judgment should be copied into the transcript, and that if copied it should not receive consideration on appeal.

Counsel also relies on Section 2 of Act 136, which provides that no clerk shall file, or permit to be filed, any paper or document unless the stamped be affixed.

The timely affixing of the stamp is the only question.

The papers bear the stamp at this time.

We will not dismiss the appeal because of the alleged delay in complying with the law's requirement with respect to fixing stamps. Lane vs. R. R., 43 An.

In several cases lately it was held that a judgment rendered on "the law and the evidence" will be affirmed, although the tran-

script contained no evidence, no statement of facts, no bill of exceptions and no assignment of errors. The court assumed that the judge who rendered the decision had before him sufficient evidence to justify his judgment. Goodrich vs. Newell et al., 43 An.; Succession of John T. Moore et al., 42 An. 335.

Should we not consider the evidence to which objection is made as not being before us, we have the decree in which it is judicially made to appear that the law and the evidence are the grounds of the dismissal of the rule.

If the testimony had not been copied in the transcript, the authority of the quoted decisions would prevail. In maintaining it, we are satisfied that not the least injustice is done to the plaintiff, in not dismissing the appeal, for we have considered the testimony taken (although not stamped in time), and have not found that there was cause for making the rule absolute and dismissing the appeal on trial of the merits of the rule.

The surety, as a witness, did not affirmatively testify as to the specific property he owns, but he stated that he is worth the amount of the bond subject to seizure, and that in addition the defendants placed funds in his hands to answer to the judgment. The plaintiff did not choose to propound any questions to the witness, nor did he offer any testimony in rebuttal. The witness made at least a *prima facie* showing of his responsibility and ability to pay.

Not the least attempt having been made to prove the contrary, we conclude that the bond is legal and sufficient.

With reference to the last ground, that the bond of appeal sets out the obligation of the principals as joint, while the judgment against them is *in solido*, this has been decided and disposed of in a previous decision.

The right of appeal is the rule; it will be maintained, and the appeal will not be dismissed unless it be clearly shown that the appellant has failed to comply with essential forms and requirements.

Judgment affirmed.