On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Watkins, J.
The motion is grounded on certain alleged radical defects in the confection of the appeal bond, which render it nugatory.
They may be enumerated as follows, viz.:
1. That whereas a judgment was rendered against Valery Thibodeaux, administrator, and an order of appeal was granted in his favor as such administrator, the bond is drawn and signed by Valery Thibodeaux, individually.
2. That no mention is made, either in the caption or the body of the bond, of the title, or number of the suit, or the number or name of the court which rendered the-judgment that is appealed from.
3. That no mention is made, either in the caption or body of the bond, of the date, nature, or character of the judgment; nor of any indicia by which the said bond could be identified with the judgment appealed from, or the suit in which it was rendered.
The following is a synopsis of the bond, viz.:
*1127 “State of Louisiana, Nineteenth Judicial District, Parish of St. Martin.
“ Know all men by these presents, that we, Valery Thibodeaux as principal and * * * as sureties, are held and firmly bound unto Alexander V. Fornet, clerk * * * in the sum of $250, etc.
“Now the condition of the foregoing is such that whereas the said principal herein has obtained an order for a devolutive appeal from the judgment rendered by said Nineteenth Judicial District Court on the • — • day of-, to the Honorable Supreme Court of Louisiana, next to be holden at Opelousas, Louisiana, on the first Monday of July, 1893. * * *
“ Now this bond is given as security that said principal, as appellant, shall prosecute the said appeal, and that they shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of the sale of their estate,” etc.
This bond is signed by Valery Thibodeaux, in his individual capacity, and by his securities, and not as administrator.
A casual inspection of the foregoing is quite sufficient to satisfy the judicial mind that each and every one of the charges that are preferred against the bond are true in every particular. Indeed it would be difficult to conceive of an appeal bond more completely barren of all sacramental and essential formalities than the instant one is.
This is an injunction suit in restraint of a judicial sale of succession property, based upon the averment that the defendant administrator was in sufficient funds to pay off the debts of the deceased and hence there was no necessity for a sale; and that a large part of the immovable property advertised for sale constituted an asset of the matrimonial community theretofore existing between the deceased and their ancestor, one undivided one-half interest in which was not liable for the individual debts of the deceased.
The plaintiffs are the children and grandchildren of Aspasie Le Blanc, deceased wife of Treville Thibodeaux, deceased, of whose joint succession the defendant is administrator; and the property, sale of which is enjoined, belongs, in greater part, to said community, and had been ordered to be sold to pay debts as binding on the community and the individual succession of Treville Thibodeaux. On the trial plaintiff’s injunction was successful, and was perpetuated *1128 to the extent of restraining the sale of their half of the community property.
From that judgment an order of appeal was granted in favor of the defendant administrator, and in response to said order the bond above outlined was furnished and filed.
It is evident that the bond does not specify the defendant administrator, as appellant, but Valery Thibodeaux, personally and individually. It is not signed by the administrator, or his counsel, but by Valery Thibodeaux, individually. In the recitals of the bond no mention is made of the suit in which the judgment was rendered, either by number, or title, or amount, or character, or court.
In the caption neither is designated, not even in substance. Were an adverse judgment to be rendered by this court, there would be nothing that is discoverable in this bond which could in any way connect such decree with the one that is appealed from, or which would fix the liability of the sureties of the appellant.
There would be nothing in the bond to fix any liability upon the succession of Treville Thibodeaux, or the administrator; and it could not serve as a legal basis for proceedings or execution against the administrator, or the succession.
In Succession of Walker, 32 An. 525, it was held that an appeal bond which contains no mention of the title to the suit, or matter in which the judgment appealed from was rendered, nor of the nature and scope of such judgment, nor of the date of the rendering and signing of the judgment, nor of the name of the party in whose favor it was rendered, nor of the party east in the suit,” is radically defective and can not support an appeal. 6 La. 586; 10 An. 155; 12 R. 205.
It goes without saying thai such a bond does not fulfil, not even substantially, the requisite formalities of the law.
Appeal dismissed.