(50 South. 591.)

No. 17,740.

BENEDICT et al. v. PASLEY et al.

(Nov. 2, 1909.)

1. APPEAL DISMISSED BELOW.

The appeal was dismissed in the district court for want of proper bond.

2. NO APPEAL TAKEN.

No objection was raised to the proceedings in the district court, taken to the end of having the appeal dismissed. No appeal was taken from the judgment dismissing the appeal.

3. APPEAL AND ERROR (§ 475*)—SUSPENSIVE APPEAL BOND — SUFFICIENCY — POWER OF DISTRICT COURT.

That court had jurisdiction to pass on the sufficiency of the bond of appeal. It will not reinstate the appeal dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 475.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Jane West Benedict and others against Mrs. George Pasley and others. Judgment for plaintiffs, and defendants appeal. Plaintiffs move to dismiss the appeal. Appeal dismissed.

Armand Romain, for appellants. Cage, Baldwin & Crabites, for appellees.

On Motion to Dismiss.

BREAUX, C. J. The action was petitory. Plaintiff Mrs. Jane W. Benedict claims one-half of the property as the survivor in community, and the heirs the remainder.

Defendants did not sustain their defense in the district court. That court rendered judgment in favor of plaintiffs on the 21st day of May, 1909.

On June 1, 1909, defendants and appellants, through counsel, filed a motion for a suspensive appeal on a bond of $250. On July 7, 1909, the plaintiffs and appellees appeared in the district court and filed a rule to dismiss the appeal.

After having heard evidence and argument, the district court ordered defendants in rule —appellants here—to furnish an additional bond of appeal in the sum of $600, with good and solvent surety, and in default of furnishing such a bond in five days the appeal to be dismissed; that is, the original bond was for $250. The district court did not think it was large enough, and for that reason ordered an increase of $600.

After the five days had elapsed, the appeal was dismissed by the district court.

In this court motion was filed asking for a dismissal of the appeal.

The prayer of the appellees, we have noted, was granted in the district court. No appeal was taken from the judgment of the district court dismissing the appeal. That court had jurisdiction, subject to appeal, to inquire into the sufficiency of the bond. Edwards v. Edwards, 29 La. Ann. 599; Succession of Charmbury, 34 La. Ann. 21; Surget v. Stanton, 10 La. Ann. 318; Wood v. Harrell, 14 La. Ann. 61; Vredenburgh v. Behan et al., 32 La. Ann. 475.

Whenever evidence is produced to show that the bond is insufficient, the district court has jurisdiction to hear evidence and argument, and primarily to pass upon the weight and effect of the testimony, and decide whether or not the bond is sufficient.

The court a qua exercised that jurisdiction. No complaint was raised. The appel-

lants tacitly adopted the correctness of the ruling of the district court directing them to furnish additional surety within the time specified.

The court, in issuing the supplemental order of appeal, in regard to the question of its necessity, acted upon evidence produced, which is not before us, and no objection is urged to its nonproduction on appeal.

In the absence of all complaint that the court has gone beyond its jurisdiction, or has exceeded the discretion with which it is invested, it only remains for us to dismiss the appeal.

The appeal is dismissed.