On Motion to Dismiss.
LAND, J.
A judgment of separation from bed and board rendered by a court in Italy in favor of the plaintiff was made executory by the decree of the court a qua, from which the defendant obtained an order of appeal to this court, and pursuant thereto filed an appeal bond in the sum of $250 with the National Surety Company, as surety.
[1] No attempt was made in the court below to test the solvency or sufficiency of the surety, but the plaintiff and appellee has filed in this court a motion to dismiss the appeal on the ground that it does not appear on the face of the bond or the record that the said surety company was authorized to exe *725 •cute the appeal bond in question, or to do business in the state of Louisiana, or that the persons signing said bond in the company’s behalf were authorized so to do.
For answer to this contention, counsel for appellant contends that such objections should have been raised in the court below, and should not be considered by this court.
In Moffet v. Koch, 106 La. 371, 31 South. 40, the motion to dismiss the appeal was first tried in the district court, and renewed, in the Supreme Court, on the evidence brought up in a supplemental transcript.
In Eichorn v. New Orleans & C. R. Light & Power Co., 114 La. 712, 38 South. 526, 3 Ann. Cas. 98, the rule to dismiss the appeal because the National Surety Company was not a legal and competent surety was first tried in the district court, and the plaintiff thereupon appealed.
It has been consistently held that the question of the sufficiency of the surety on an appeal bond must be determined by the judge of the court from which the appeal is taken. State ex rel. Garretson v. Judge, 17 La. 433; State ex rel. Peet v. Judge, 19 La. 174; Stanton v. Parker, 2 Rob. 550; Ex parte Barrett, 4 La. Ann. 236; Surget v. Stanton, 10 La. Ann. 318; Wood v. Harrell, 14 La. Ann. 61; State ex rel. Maury & Co. v. Judge, 20 La. Ann. 390; Allen Nugent & Co. v. Cary, 32 La. Ann. 1125 ; Weiser v. Blaese, 34 La. Ann. 838; and De Gruy v. Aikens & Co., 43 La. Ann. 538, 9 South. 749.
In the case of Benedict v. Pasley, 124 La. 593, 50 South. 591, this line of jurisprudence was recognized and applied.
Defendant and appellant filed in this court a certificate from the secretary of state and •other documents tending to show that the National Surety Company was duly authorized to transact business in the state of Louisiana, and that the bond in question was •executed by its duly authorized agents in this state.
Plaintiff and appellee moved the court to strike from the files said certificate and documents on the ground that new and original evidence is not admissible in the Supreme Court.
Appellee’s contention in his reply brief is that the Supreme Court and district court have concurrent jurisdiction of motions to dismiss appeals when the incompetency or insufficiency of the surety appears on the face of the bond. We proceed to review the cases cited in support of this proposition.
In Wells v. Walker, 24 La. Ann. 131, the appeal was dismissed because the surety did not reside in the parish where the judgment appealed from was rendered. The opinion does not state how the fact of the nonresidence of the surety was shown.
In Thibodeaux v. Thibodeaux, 45 La. Ann. 1126, 13 South. 805, an appeal bond was executed by the defendant in his individual capacity when the order of appeal was granted to him as administrator. In Barrow v. Clack, 45 La. Ann. 478, 12 South. 631, the coplaintiff of the appellant was held not to be a competent surety.
Pearce v. Haas, 122 La. 376, 47 South. 687, is to the same effect; and in Succession of Maloney, 124 La. 672, 50 South. 647, it was held that the wife was not a competent surety on the appeal bond of the husband.
In Pelletier v. State National Bank, 112 La. 564, 36 South. 592, the defect was in the amount of the appeal bond.
In all the cases cited supra, except the first, the grounds for dismissal were patent on the face of the record.
In the case at bar, the motion to dismiss avers that certain facts relating to the competency of the surety do not appear on the face of the bond or otherwise.
[2] Plaintiff and appellee has cited no statute of this state which requires that all the qualifications of a surety on an appeal bond shall be recited in the instrument, or shown by documents thereto attached.
Such has never been the practice, but on *727 the contrary objections to the qualifications of the surety have been raised by motion or rule in the court a qua, and evidence beard.
[3] In the absence of all contrary evidence, it must be presumed that the clerk of the district court performed bis duty, and accepted a competent and sufficient surety on tbe appeal bond, after proper inquiry.
Motion to dismiss overruled.