DAWKINS, J.
Lena Saragusa was convicted in, the city court for the city of Bogalusa, La., of operating a “blind tiger,” and asked for orders of appeal, which were denied, and she then applied to the judge of the Twenty-Sixth district court for the parish of Washington for a writ of mandamus to compel the granting of the appeal. The district court having refused her application on that score, she applies to this court for writs of certiorari and mandamus to compel action on the part of that tribunal.
The answer to the rule nisi issued herein admits the. refusal of the city judge to grant an appeal in the first instance, as well as the denial by the respondent judge of the district court of the application for a writ of mandamus to compel the granting of the appeal on the part of the city judge. The answer further sets up that, inasmuch as section 45 of Act No. 14 of 1914, creating the city court for the city of Bogalusa, makes no provision for an appeal to the district court in convictions of misdemeanors under charges of violating state laws, no right of appeal exists in such cases, except where the- fine assessed is in excess of $300 or the imprisonment actually imposed is more than six months. It is admitted that both the fine and imprisonment were under the jurisdictional amounts necessary for an appeal to this court.
Section 45 of Act No. 14 of 1914, as to appeals from the city court of Bogalusa, reads as follows:
“Appeals from the judgment of the city court in civil matters, and from all orders of said court requiring a peace bond, shall lie to the district court for Washington parish, under the same terms and conditions as appeals from judgments rendered by justices of the peace, and such appeals shall be returnable to the district court within ten days from the taking of the appeal. Persons convicted of violations of city or parochial ordinances, or ordinances of the parish or state board of health, may appeal to the district court, upon giving security for fines and costs of court in such sum as may be fixed by the city judge, and in such cases the trial shall be de novo and without a jury. Appeals in misdemeanors shall lie to the Supreme Court, on questions of law alone, where a fine exceeding three hundred dollars, or imprisonment exceeding three months is actually imposed. Such appeals shall be returnable in the same manner as appeals in criminal cases from the district court to the Supreme Court.”
[1] The apparent purpose, as will be disclosed by reading the paragraph of the statute thus quoted, was to deny' entirely the right of appeal to the district court on charges for violating state laws before the city court. The contention is that the Legislature has the right to fix the jurisdiction of the courts which it creates so long as it does not violate some provision of the Constitution; that it is given the power to create city courts in cities having a population of over 5,000 by the express provisions of article 96 of the state Constitution; ánd that no restriction is found therein which prevents its fixing their jurisdiction in criminal cases, except that they shall not be given the power to try felonies. This contention is undoubtedly correct; but the Legislature itself had already acted when the act of 1914 was passed, and had provided for appeals from city courts to the district courts throughout the state by Act No. 27 of 1900, from which we quote as follows:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that in all cases where a person desires an appeal from the courts of mayors or recorders and city courts, the parish of Orleans excepted, such *951 person shall, within three full legal days from the day he is sentenced, move for the same, either in writing or orally, returnable to the district court, and shall, during said delay, in order to perfect said appeal, furnish security for fine and costs of court.
“Sec. 2. Be it further enacted, etc., that when said appeal has been moved for and the necessary security furnished within said delay mayor, recorder or city judge shall at once make a transcript of the proceedings in the case, which transcript shall, before the expiration of ten full legal days from the date of said sentence, be filed by the appellant, in the court to which the appeal is returnable.”
However, it is contended that the act of 1914, being a later statute, had the effect of repealing, or at least rendering the act of 1900 inapplicable, in so far as the city of Bogalusa is concerned. It will be noted that the act creating the city court of Bogalusa does not in terms prohibit an appeal to the district court in the class of cases mentioned, but seeks to accomplish that end by the process of elimination in providing for appeals in all other matters, and not including cases of the class mentioned. In those circumstances'it might well be said that there is no actual conflict between the acts of 1914 and 1900; that appeals not provided for by the former act and not prohibited thereby would lie under the latter, it being a general statute applicable to appeals from city courts throughout the state. But, granting that there is a conflict, and that it was the intention of the Legislature to repeal the act of 1900 in so far as Bogalusa is concerned, this could not be done, because of the provisions of articles 48 and 49 of the Constitution, as we shall presently see.
[2] That the act of 1914, incorporating the city of Bogalusa and creating the city court thereof, was a local or special law, cannot be gainsaid. Article 48 of the Constitution provides, among other things, that no local or special law shall be passed—
“regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales.”
It may be said that, inasmuch as the city court of Bogalusa had no existence until the act of 1914 was passed, that act did not take away from the district court for Washington parish appeals thereto. However, it is not a question of the court from which the appeal is taken, but the offenses triable in any court in Washington parish, over which the district court is given jurisdiction on appeal by the act of 1900. And the effect of holding that no appeal would lie from the city court of Bogalusa to the district court in these cases would be to take from the latter the right to hear on appeal such offenses as were committed within the territorial limits of the city court and over which it formerly had jurisdiction.
[3] In any event, we think that the next article of the Constitution, that is, No. 49, expressly prohibits the Legislature from doing what it is contended was done by the act of 1914; that is, to repeal Act No. 27 of 1900 in so far as it might be applicable to appeals from the city court of Bogalusa by the provisions- of Act No. 14 of 1914. The article reads:
“The General Assembly shall not indirectly enact special or local laws by the partial repeal of a general law; but laws repealing local or special laws may be passed.”
It would, therefore, seem clear that to give the effect to the act of 1914 which is contended for by respondent would be to permit the enacting of a local law by the repeal of the provisions of the act of 1900 in so far as they are applicable to appeals in cases of the class mentioned from the city court of Bogalusa.
“The right of appeal is a precious one, and it should be favored and aided by the courts,” State ex rel. Durand v. Judge, 30 La. Ann. 285; Allen, Nugent & Co. v. Cary, 32 La. Ann. 1125; State ex rel. Strauss v. Dubuclet, 25 La. Ann. *953 161; De Gruy v. Aikens, 43 La. Ann. 538, 9 South. 749; Gilmore v. Brenham, 1 La. Ann. 414.
For the reasons assigned, it is therefore ordered, adjudged and decreed that the rule issued herein be made absolute, and that a peremptory writ of mandamus issue, directed to the judge of the Twenty-Sixth judicial district court for the parish of Washington, commanding him to issue to the city judge of the city Court of Bogalusa a peremptory writ of mandamus ordering the granting of an appeal in the above cause from the judgment and sentence rendered therein, to the district court for the parish of Washington, La., all according to law.