PER CURIAM.
An order was issued herein on October 24, 1953, to show cause why writs of. mandamus and prohibition should not be made peremptory, ordering the Honorable Clyde V. St. Amant, Judge of the 23rd Judicial District Court, for the Parish of Assumption, State of Louisiana, to grant the rela-tors herein a suspensive appeal returnable to this Court, and enjoining and prohibiting the Sheriff for the said parish, and the plaintiffs herein from further proceeding in this cause until judgment shall be pronounced on the ’ regularity of the proceedings.
The return date for the aforementioned order was set for November 3, 1953, and an answer has been duly filed on, behalf of the plaintiffs in the original suit.
The record shows that á petition for possession of premises, pursuant to the provisions of LSA-R.S. 13:4911 et seq. was filed on October 20, 1953, by the plaintiffs against the four defendants, which causes were consolidated, and exceptions and an answer thereto were filed on October 23, 1953.
After due proceedings were had judgments were rendered in each of the four consolidated cases ordering and decreeing that there be judgment in favor of the plaintiff and against the defendant, condemning the defendant to vacate and deliver possession to the, plaintiff, forthwith, of the premises specially set forth, and further decreeing that upon the defendant’s *86 failure to comply with the judgment within twenty-four (24) hours after its rendition, a warrant issue therein directing the Sheriff of the Parish of Assumption, commanding him forthwith to eject the defendant from said premises and to deliver to plaintiff the full possession thereof; and should the Sheriff find the windows, doors or gates of said premises locked up or barred, he may break open the doors, windows or gates of the premises in the presence of two witnesses and clear the premises of the property therein, in order to put the owner in possession thereof.
The said judgments were rendered on October 23, 1953, at 2:15 p. m. and on the same day on motion of counsel for defendants, asking for suspensive appeals in each case, same were refused by the trial judge for the following reasons:
“The statute which applies to this case does not provide for the right of suspensive appeal, and where the law does not specifically grant a right of suspensive appeal, the court is powerless to grant such appeal.
“There is an unsupported allegation in the petition to the effect that the amount involved exceeds $100.00, but no evidence has been submitted to the court to substantiate that allegation.
“In my opinion, the only basis upon which to predicate a value is the right of occupancy and the valué of such rights has not been established by any proof.
“I am of the opinion that these defendants have refused to work and were discharged in compliance with the law and their right of occupancy was forfeited.
“This is a summary proceeding under R.S. 13:4911 and having rendered judgment in favor of plaintiffs to grant a suspensive appeal would have the effect of nullifying said judgment.”
Hence the petition to this Court for writs of mandamus and prohibition and the rule nisi, above referred to.
Article VII, § 35, paragraph 3, of the Constitution of 1921, provides that District Courts shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with Justices of the Peace, in matters where the amount in dispute, or fund to be distributed is less than one hundred dollars, exclusive of interest.
Section 48 of the same Article of the Constitution, with reference to Justices of the Peace and Constables provides as follows :
“Justices of the Peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount.”
Section 29 of Article VII, Constitution of 1921, with reference to the jurisdiction of this Court provides as follows:
“The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
It will be noted that in LSA-R.S. 13:-4913, providing for the trial of rule, under which the proceedings in these cases were had, provides that on the day and hour that the rule is made returnable, which day shall *87 be the third day after the service of the rule, the justice or judge (emphasis ours) shall immediately try the rule, and hear the defense, if any is made.
Counsel for defendant, evidently realizing that the proceedings might be had before a District Court or a Justice of the Peace, and in order to lay the foundation for an appeal, alleged in Article VII of his answer that the amount in controversy and the value of the property exceeds $100, and again in his petition to this Court in Paragraph X, he states as follows:
“Your relators further state that attempts were made at' the time of the trial to introduce evidence to the effect that the amount in controversy amounted to more than $100.00 but such attempts were futile when the said Judge sustained objections to the introduction of evidence which was to be used by your relators to show the said amount involved was more than $100.00.”
A careful review of this record reveals the fact that these defendants merely attempted to show their financial ability and not the value of the right of occupancy. This record is absolutely devoid of any evidence showing the value of the occupancy to be in excess of $100. During the course of the trial of the eviction proceedings, counsel for defendants moved that the Court subpoena the books of the plaintiff, to which objection was made and the Court sustained said objection. It is our opinion that since the proceeding by the plaintiff was summary in nature that the request of counsel for defendants to subpoena the books of these plaintiffs, during the course of the hearing, came too late and was unreasonable and that the Trial Court was correct in sustaining the objection made to said request.
Counsel for plaintiffs, in answer to the rule, questions the jurisdiction of this court to pass upon the subject matter of the rule nisi. We fully agree with plaintiffs that we do not have jurisdiction in this matter in view of the fact that this is a type of proceeding that can be brought either in the Justice of the Peace’s Court or the District Court and that the amount involved herein does not exceed $100, which would grant this court appellate jurisdiction.
Therefore for the above and foregoing reasons, the rule herein issued on October 24, 1953, is hereby recalled and vacated and that relators’ application be dismissed at their cost.