73 So.2d 577

GODCHAUX SUGARS, Inc. v. OCKMAN.

GODCHAUX SUGARS, Inc.

v.

LAROUSE (two cases).

GODCHAUX SUGARS, Inc. v. SYLVAN.

No. 41631.

May 31, 1954.

Martin & Himel, Lutcher, Talbot, Le-Sueur & Talbot, Napoleonville, Harvey Peltier, Donald L. Peltier, Thibodaux, W. S. Shirley, Jr., L. F. Cambon, Milling, Saal, Saunders, Benson & Woodward, New Orleans, for petitioner.

Dodd, Hirsch & Barker, by C. Paul Barker, Baton Rouge, for defendants.

HAWTHORNE, Justice.

Godchaux Sugars, Inc., plaintiff in the district court and relator in this court, is the owner of a sugar plantation in the Parish of St. John the Baptist. In the operation of this plantation it employed the defendants in these consolidated suits as agricultural employees or laborers. In connection with this employment it furnished to each defendant, free of cost, housing accommodations for an indefinite term and without any contract or agreement. Plaintiff discharged each of these employees and demanded possession of the dwelling occupied by each. The defendants refused to vacate the premises, and accordingly plaintiff brought ejectment proceedings in the district court. Such ejectment proceedings are authorized by the so called "Share Croppers Act", R.S. 13:4911 et seq., Act 298 of 1938, which provides that, when any share cropper, laborer, or any occupant of land holding through the accommodation of the owner (other than a tenant or lessee) shall be in possession of any house, landed estate, etc., after the purpose of such occupancy or possession shall have ceased and terminated, the owner may obtain possession thereof by complying with the procedure set out in the act. The district court rendered a judgment of ejectment against each occupant, whereupon each moved for a suspensive appeal to the Court of Appeal for the Parish of Orleans. This appeal was denied, and each then applied to the Court of Appeal for writs of prohibition and mandamus to compel the granting of an appeal. The Court of Appeal issued an alternative writ of mandamus or rule to show cause, and after trial of this rule the writ was made peremptory, and the district judge was ordered to grant to each of these defendants a suspensive appeal. See 68 So.2d 206. Relator applied to this court for a writ of review, which was granted.

In several cases involving similar facts the Court of Appeal, First Circuit, refused to order the district court to grant suspensive appeals. See Milliken & Farwell, Inc. v. Brown (Godchaux Sugars, Inc. v. Bolotte), 69 So.2d 85, 88. Since the decisions of the First Circuit Court of Appeal and the Orleans Court of Appeal are in conflict, relator's application for writs

in this case was granted as a matter of right under Article 7, Section 11, of the Constitution.

The Orleans Court of Appeal concluded that the instant cases were suits "for the possession of real property other than a suit by a landlord against his tenant", that exclusive original jurisdiction was therefore vested in the district court, and that consequently it, the Court of Appeal, was vested with appellate jurisdiction under Article 7, Sections 10, 29, and 77, of the Constitution, and that in aid of its appellate jurisdiction it had the right to issue the supervisory writ of mandamus to compel the district court to grant the suspensive appeals.

On the other hand, the First Circuit Court of Appeal concluded in the cases before it that there were contracts between the plaintiffs and the defendants in the nature of rental or lease agreements, that the amount involved did not exceed $100, and that it did not have appellate jurisdiction since concurrent jurisdiction existed between the district court and the justice of the peace court.

According to Article 7, Sections 29 and 77, of the Constitution, the Orleans Court of Appeal is vested with appellate jurisdiction which extends to all cases civil and probate of which the Civil District Court for the Parish of Orleans or the district courts throughout the state have exclusive original jurisdiction regardless of the amount involved, and concurrent jurisdiction exceeding $100 exclusive of interest, and of which the Supreme Court is not given jurisdiction. Justices of the peace jurisdiction, which is concurrent with the district court, cannot exceed $100. In the instant case it follows that, if the justice of the peace court has jurisdiction concurrent with the district court, the Court of Appeal is without appellate jurisdiction. The question before us, therefore, is whether under the provisions of our Constitution the justice of the peace court has concurrent jurisdiction of the instant cases.

▮ Justice of the peace courts were created and established by Article 7, Section 46, of the Constitution, and their jurisdiction is fixed by Section 48 of this article. Since the Constitution fixes the jurisdiction of the justice of the peace courts, they have no power or authority to perform a contemplated act unless that power is conferred in the Constitution or the laws enacted thereunder. See 14 Am. Jur., Courts, Secs. 163, 164, p. 366; see also State ex rel. Saragusa v. Ott, 144 La. 948, 81 So. 435. Insofar as the civil jurisdiction of the justice of the peace courts is concerned, Section 48 reads as follows:

"Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords

for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount.

"They shall have no jurisdiction in succession or probate matters, or when a succession is defendant, or when the State, parish or municipality, or other political corporation, is party defendant, or when the title to real estate is involved. * * *"

The jurisdiction of the district court is defined in Article 7, Section 35, which, after setting forth that that court has original jurisdiction in all civil matters regardless of the amount in dispute and in all cases where no specific amount is in contest, provides that it, the district court, shall have concurrent jurisdiction with the justices of the peace in matters where the amount in dispute or the fund to be distributed is less than $100 exclusive of interest.

■ Under these articles of the Constitution it is clear that justice of the peace courts were intended to have jurisdiction of the following types of cases, and no others: (1) Suits for sums of money where the amount in dispute does not exceed $100; (2) suits for the possession or ownership of movable property not exceeding that amount in value, and (3) suits by landlords for the possession of leased premises where the monthly or yearly rent or the rent for the unexpired term of the lease does not exceed that amount. Since the jurisdic-

tion of these courts has been fixed in the Constitution, the Legislature is powerless to abridge or enlarge the jurisdiction conferred upon them by the Constitution.

The instant suits were brought by the plaintiff, as stated hereinabove, under the provisions of the Share Croppers Act, R.S. 13:4911 et seq., to eject the defendants from certain dwellings occupied by them. They are not suits for sums of money or for the possession of movable property having a value of less than $100 or by a landlord for the possession of leased premises where the monthly or yearly rent or the rent for the unexpired term does not exceed that amount. These defendants occupied the dwellings as employees of the plaintiff, and the relationship of landlord and tenant did not exist between them, as there was no price or rent charged, and in every contract of lease three things are essential—the thing, the price, and the consent. Articles 2669, 2670, Civil Code.

■ We therefore conclude that this case is not within the jurisdiction of the justice of the peace court conferred by Article 7, Section 48, of the Constitution, and consequently that court does not have jurisdiction concurrent with the district court, but on the contrary this is one of those cases of which the district court only is given original jurisdiction. The Court of Appeal for the Parish of Orleans therefore has appellate jurisdiction and in aid of its appellate jurisdiction rightfully is-

sued the supervisory writ of mandamus to compel the district court to grant to these defendants suspensive appeals.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is affirmed, relator to pay all costs.