REGAN, Judge.
Plaintiffs, Robert J. and Morris W. Newman, the owners of property designated by the Municipal Number 3801 General Taylor Street, filed a rule in conformity with the provisions of Act 298 of 1938, LSA-R.S. 13:4911, 13:4912, designated as the Sharecroppers Act, for the purpose of obtaining possession of the foregoing property from the defendant, Miss Nuncie Gumina. In the usual course of events she was ordered by the judge, a quo, to show cause why she should not vacate the premises.
Defendant responded thereto by pleading the exceptions of no right or cause of action which were overruled and then answered asserting that Robert Newman orally “agreed that she would have the right to occupy the house * * * as long as she lived in exchange for * * * assuming the responsibility and care of Miss Katie Cuddihy.”
From a judgment making the rule absolute and ordering the defendant to vacate the premises, she has prosecuted this appeal.
Defendant related that about seven years ago Robert Newman entered into an agreement with her to live with and take care of Miss Catherine Cuddihy and in exchange therefor she was to occupy the house “rent free”. The record reveals that Miss Cud-dihy had been a nurse employed in the Newman household for many, many years. The agreement continued to exist for approximately seven years and during most of this time Miss Cuddihy was a complete invalid; Miss Cuddihy was seriously injured when she was struck by a colored nurse employed by Robert Newman and that, thereafter, she was removed from 3801 General Taylor to his home. Defendant insisted that there was no reason to remove Miss Cuddihy therefrom since she is and has always been ready and willing to assume the responsibility and care of her; finally, defendant asserts that Robert Newman orally informed her that she “would have a place to live there the rest of my life * * * he wouldn’t put me out.”
Plaintiff, Morris W. Newman, in opposition thereto, related that he purchased this property for the sole purpose of providing Miss Catherine Cuddihy, an aged former employee of his family, with a place to live temporarily and that he had requested the defendant to occupy these premises, rent free, as her companion; Miss Cuddihy was removed therefrom on or about June IS, 1953, and that thereafter the services of defendant were no longer needed by either Miss Cuddihy or the plaintiffs. He said that both he and his brother have been endeavoring to secure possession of the property since Miss Cuddihy’s removal therefrom.
Counsel for the defendant insists that his exceptions of no right or cause of action *901 should have been maintained for the reason that the Civil District Court was not possessed of jurisdiction to try this case. Defendant contends that the plaintiffs did not allege that defendant occupied the premises “other than a tenant or lessee” as was required by LSA-R.S. 13:4911; or more explicitly the defendant was exchanging her services as a “companion” for “rent” of the premises and until such time as the “companionship” or the “rent” was evaluated the district court could not entertain jurisdiction thereof since the City Court has jurisdiction when the rent does not exceed $100. LSA-Constitution Article VII, § 91.
We shall initially dispose of defendant’s exception of no right or cause of action. Plaintiffs, in their rule for possession, alleged that they are the owners of the property and that defendant was to “temporarily occupy the * * * premises as an accommodation and by sufferance of movers, without rent, while the * * * Miss Nuncie Gumina, was acting as companion to Miss Catherine Cuddihy, for whose temporary use and occupancy the property was acquired by movers” and that “Miss Catherine Cuddihy being unable to continue to occupy the * * * premises and having been removed therefrom, the purposes of the occupancy of * * * premises by Miss Nuncie Gumina ceased.”
 In our opinion the foregoing allegation clearly entitled plaintiffs to litigate this case in conformity with the provisions of the Sharecroppers Act and defendant’s exception of no cause or right of action is, therefore, without merit. The question of jurisdiction was settled by the Supreme Court in the relatively recent case of Godchaux Sugars, Inc., v. Ockman, 225 La. 599, 73 So.2d 577, 579, wherein it affirmed the decision of this court, 68 So.2d 206 and, in accord therewith, held that district courts have exclusive original jurisdiction of suits for possession of real property occupied by employees of the owners thereof. In the course of its opinion the Supreme Court observed that:
“ * * * These defendants occupied the dwellings as employees of the plaintiff, and the relationship of landlord and tenant did not exist between them, as there was no price or rent charged, and in every contract o'f lease three things are essential — the thing, the price, and the consent. Articles 2669, 2670, Civil Code.”
Focusing our attention now upon Miss Gumina’s special defense she is insisting upon the right of occupancy of 3801 General Taylor Street predicated on Robert Newman’s oral agreement “that she would have the right to occupy the house * * * as long as she lived * * * in exchange for * * * assuming the responsibility and care of Miss Katie Cuddihy.”
Despite plaintiffs’ timely and reiterated objection to any testimony to prove an oral agreement of usufruct, defendant’s counsel, nevertheless, succeeded in eliciting testimony from the defendant as to the foregoing agreement with Robert Newman granting her a usufruct on the property. In response to questions propounded by her counsel, defendant testified first that there was no understanding as to how long the relationship was to last and then that it would last for such time as Miss Cuddihy would be in need of a companion during her life, and finally, that it would last the rest of her life.
In the recent case of Louis v. Garrison, La.App., 64 So.2d 254, 256, 257, we said:
“The right of habitation may be established by all sorts of written titles. LSA-C.C. arts. 540, 628; Guier v. Guier, 7 La.Ann. 103.”
In Guier v. Guier, 7 La.Ann. 103, the court expressed the opinion that testimony as to an oral agreement for the use of immovables should be rejected, because the usufruct creates an interest in the property itself and every transfer of immovable property must be in writing.
In Lynch v. Heirs of Lynch, 23 La.Ann. 242, the court again reiterated that testi *902 mony to prove a verbal donation of usu-fruct should be excluded on the ground that the donation of a usufruct on immovable property must be in writing and that a verbal donation could not be legally established.
Both the Guier case and the Lynch case are cited with approval in Bailey v. Ward, 32 La.Ann. 839. While defendant to some extent relies upon Bailey v. Ward to establish her position, a causal reading thereof reflects that she can acquire no comfort therefrom. In that case the organ of the court very pertinently remarked:—
' “So far as the testimony is offered and was permitted to be introduced to show any title whatever to be realty, whether in the shape of ownership, usufruct, use, or habitation, it is illegal and is to be eliminated as the law requires written evidence in such cases

«* * * * $ *
“Verbal permission to occupy during life cannot have the effect of conferring any right of usufruct, use or habitation and must be considered as not uttered. Such permission must be treated only as authority to occupy the property during the good pleasure of the owner.”
For the reasons assigned the judgment appealed 'from is affirmed.
Affirmed.