No. 2893.—STATE OF LOUISIANA, ex rel. ROMAN, etc., *v.* JUDGE SIXTH DISTRICT COURT, Parish of Orleans.

If a suspensive appeal has been granted by the judge of the district court and the bond has been given and filed in the record, the district judge is not competent to dismiss the appeal without first ascertaining by evidence whether the surety on the bond is good and solvent. The failure of the appellant to qualify his surety is not sufficient to authorize the district judge to dismiss the appeal and order execution to issue.

An appeal being a constitutional right given to every litigant, the Supreme Court will, on application for a prohibition against the inferior jurisdiction, examine the evidence offered touching the solvency of the surety on the appeal bond, and review the judgment of the court *a qua* dismissing the appeal because the surety is not good and solvent.

APPLICATION for a Writ of Prohibition. *Julian Michel* and *Albert Voorhies,* for relator. *W. H. Cooley,* Judge, respondent.

WYLY, J. In the case of U. Marinoui *v.* The Pelican Insurance Company, pending on appeal, a rule was taken by the plaintiff therein against the defendant in the Sixth District Court, parish of Orleans, to cause a different and solvent surety to be substituted on the appeal bond for B. L. Millaudon, who, it was suggested, had become insolvent since said appeal was granted.

Thereupon the defendant in said suit filed a new suspensive appeal bond with S. N. Moody as surety, and asked for time to justify his solvency, making affidavit that he was a material witness to establish that fact; that he was temporarily absent from the city, and that he would not return before the end of the week or Monday following the day fixed for the trial of the rule; that he had summoned him and used due diligence; that he had not caused the said absence, and the affidavit was not made for delay.

The motion for continuance was overruled, the appeal was dismissed and execution was ordered to be issued.

The defendant then sought and obtained from this court a writ of prohibition against the judge of the Sixth District Court and the plaintiff in said suit. And this forms the subject of the present inquiry.

In answer to the writ of prohibition the district judge says, when the new bond was offered an application for time to prove the solvency of the surety was made, and for that purpose he granted a continuance from the nineteenth to the twenty-fifth of May, 1870; that the application for further time was based on reasons which would doubt-less have been urged again had the "further time" been allowed; and that he considered it the duty of the defendant, the moment the new security was offered, to prove his solvency.

We find in the transcript of the proceedings that no evidence was taken either to establish the insufficiency of the old surety or of the new. And in his decree dismissing the appeal and ordering execution to issue, the judge states: "After hearing argument of counsel, the court, for oral reasons assigned, considering the law to be in favor of the plaintiff in the rule, it is ordered," etc.     *     *     *     *     *

The question is, has it been shown that the appellant has failed to give good and solvent security on his appeal bond as required by law ?

Until the insufficiency of the surety on the appeal bond was established by competent evidence, the Sixth District Court was with-out jurisdiction to set aside the appeal and issue execution on the judgment. If the surety became insolvent after the appeal had been consummated, it was incumbent on the appellant to give another, which seems to have been done by him promptly. It has not been shown that the surety substituted for the one alleged to be insolvent is not good, sufficient—indeed no evidence on this point seems to have been introduced. Without ascertaining the insufficiency of this surety the judge should not have ordered execution to issue.

In the State, ex rel. Johnson, v. The Judge of the Fifth District Court of the parish of Orleans, 21 An. 113, we had occasion to remark that the right to appeal is a constitutional right and its exercise is regulated by law; that the right to determine primarily whether the

appellant has complied with the requirements of law is vested in the district judge, but his decision is subject to the revision of this court.

It is, therefore, ordered that the writ of prohibition herein be made perpetual, and that the plaintiff in the suit of U. Marinoui *v.* The Pelican Mutual Insurance Company pay costs of this proceeding.