State ex rel. Buisson vs. Judge of the Second City Court.

No. 8248.

THE STATE EX REL. J. BUISSON VS. JUDGE OF THE SECOND CITY COURT.

The City Courts have no jurisdiction of a suit involving the right of possession of immovable property. Therefore, they have no authority to eject an alleged trespasser from a house, when the relations of the parties are not those of landlord and tenant.

APPLICATION for a writ of Prohibition.

*G. Duplantier* for the Relator.

*W. E. Murphy* for the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator complains that a suit was brought against him before the Second City Court, wherein the plaintiff, alleging herself the *owner* of certain improved real estate in his possession, and charging him with being a *usurper*, prays that he be *ejected* therefrom. He avers that he has pleaded to the jurisdiction of said court; that his exception was overruled; that on his failure to answer a default was taken, and afterwards confirmed, against him; that said court is devoid of jurisdiction *ratione materiæ*, has exceeded the bounds of its jurisdiction, and that unless prevented, said court will proceed to execute the judgment of ejectment, and that he has no remedy by appeal. He accordingly prays for a prohibition.

The respondents have answered, but have not justified the exercise of the powers complained of.

The relations of the parties are not those of landlord and tenant.

The city courts of New Orleans are clothed with the civil jurisdiction which vested in justices of the peace previously in existence. It extends to all cases in which money or movable property not exceeding one hundred dollars is claimed. In the case of State ex rel. Fredericks vs. T. Duffy et al., O. B. 54, f. 80, 33 An. p.    ., recently decided, we held that those courts could entertain suits by landlords for the expulsion of tenants, in proper cases.

See, also, 32 An. 1234, 428.

Article 1068 of the Code of.Practice, which applies to city courts, provides:

" Justices of the peace have no jurisdiction when the right of property or the *possession* of an immovable is called in question, although the amount of the demand may not exceed the sum of which they are allowed to take cognizance."

Applying that law to the case before us, in which a right to the possession of an immovable is' invoked, we consider that the relator is entitled to the relief sought.

It is, therefore, ordered that a peremptory and perpetual prohibition issue herein to the respondents, as prayed for, and that respondents pay the costs of this proceeding.