### No. 10,419.

### THE STATE EX REL. JOSEPH CAZENTRE VS. JUDGES OF THE COURT OF APPEALS AND CIVIL DISTRICT COURT.

The jurisdiction of the Court of Appeals is restricted to questions of law, in cases in which the amount involved ranges between $100 and $500.

It has no power, in such cases, to inquire into the facts, to determine whether the claim is inflated or not; but it has that power in cases involving more than $500 in which it can pass on both the facts and the law.

The jurisprudence touching the right of the Supreme Court to dismiss appeals in case within its jurisdiction in which claims are fictitiously inflated, does not apply to the Court of Appeals.

In all civil cases within its jurisdiction, under the constitution, the Supreme Court has authority to look into both the facts and the law, while the Court of Appeals can exercise such right only in cases involving more than $500, in which it can pass on facts and law.

The Court of Appeals cannot dismiss an appeal in a case in which the amount involved ranges between $100 and $500, because it finds the demand inflated. It can determine only questions of law in such a case.

APPLICATION for Prohibition and Certiorari.

*R. Stuart Dennee*, for the Relator.

*Drolla & Augustin* for the Respondents.

The opinion of the Court was delivered by

McEnery, J.    Jean M. Saradet sued the widow Rosalie Bayon, and the relator in Civil District Court for damages in the amounts of seventy-five dollars for attorney's fees and fifty dollars for loss of time attending court.

There was no plea filed to the jurisdiction of the court.  An answer was filed, and the case tried on its merits, and evidence introduced as to both items of damages.  Judgment was prayed for jointly and in solido against both defendants, but judgment was rendered only against relator, the widow Bayon not having been cited.  There was judgment against the relator for eighty dollars.  From this judgment the relator appealed to the Court of Appeals.

The plaintiff moved to dismiss the appeal on the ground there was no question of law involved in the case, the amount sued for being less than five hundred dollars.

The motion to dismiss the appeal was denied.

On the subsequent hearing of the case on the merits, it was dismissed by the court, *expropria motu*, because the amount was less than one hundred dollars.

An application for a rehearing was made by the appellant and relator on the ground that the Court of Appeals having decided the Civil District Court had no jurisdiction of the case, it should have declared the judgment rendered in the case by that court a nullity.  The application for a rehearing was refused.

Execution issued on the judgment, and an application in due form was made for an injunction to arrest the execution of the same on the ground of the nullity of the judgment, it having been rendered by a court without jurisdiction of the case.

The District Judge refused to grant the order for the injunction.

The relator now invokes the supervisory jurisdiction of this court by writs of prohibition and certiorari to declare the nullity of the judgment rendered by the District Judge, and to prohibit him from further proceeding in its execution ; and that the judges of the Court of Appeals be ordered to avoid their judgment of dismassal by decreeing the nullity of the judgment appealed from, or to hear the appeal on its merits. From the application it is to be inferred these remedies are prayed for in the alternative.

The amount in dispute was over one hundred dollars. It was not an inflated or a fictitious demand, but a serious claim upon which evidence was heard and considered, and a judgment rendered sustaining it in part.

The opinion of the judges of the Court of Appeals dismissing the appeal is as follows :

"We refused on motion of plaintiff and appellee to dismiss this appeal before hearing on the merits. The petition showing an apparent jurisdiction, and there being a statement of facts. But upon taking the case up on its merits it is our duty, *expropria motu*, to notice the true character of the controversy and to refuse to consider and dispose of it, there being in fact less than one hundred dollars honestly involved. In ignoring this feature of the case until this present moment we have followed the jurisprudence established by the Honorable the Supreme Court of our State, 37 Ann. 541.

"In this case petitioner demanded damages for illegal judicial proceedings on the part of defendant, and the items of damages made in the petition are $75 attorney's fees, and $50 'loss of time and other causes,' the latter as a consequence of attending court and seeing to prosecution of the rights of plaintiff. The statement shows that the real injury occasioned in connection with the second head did not actually equal ten dollars. For all beyond this sum of ten dollars, this item is manifestly inflated, and to allow parties to manufacture jurisdiction, it will in this way, be mere exaggeration, is not to be tolerated.

"This cause falls, therefore, strictly within the scope of the following authorities. Manuel vs. Leathers, No. 659, Beaucordy vs. Billet, No. 679, Court of Appeals. The appeal herein is, therefore dismissed with costs."

In resting its conclusion upon the above recited reasons the Court of Appeals inadvertantly lost sight of the fact that the cause was not for an amount exceeding five hundred dollars and that therefore, it had no jurisdiction of the facts, but only of the law involved in the controversy.

This court has undoubtedly frequently dismissed appeals on examination of the merits after ascertaining from the facts in the case that under the pleadings no judgment could be rendered equal to the lower court of its jurisdiction. But in all civil cases the court has the jurisdiction of both the facts and the law. In cases like the one in hand the Court of Appeals has no more authority to review the facts as a test of its jurisdiction than it could for the purpose of deciding the merits of the controversy. In such cases its jurisdiction attaches as to the law if the jurisdictional allegation involves an amount exceeding one hundred dollars but for no other purpose. In suits where the amount exceeds $500 its powers are similar to those of the Supreme Court.

Having refused to dismiss the appeal on the ground of want of jurisdiction as to question of law involved it was the duty of the court to decide the case on its merits.

It was without jurisdiction as to the facts and it was incompetent to consider them to test the jurisdiction of the District Court.

The right to appeal is constitutional and should not be denied without clear and convincing proof therefore.

It is therefore ordered that the relief prayed for by relator be granted and the rule be made absolute in so far as to order the Court of Appeals to reinstate on its docket the case of Soradet vs. Rosalie Bayon, et al., appeal from the Civil District Court, Parish of Orleans on the docket of said Court of Appeals and that said court proceed in due course to dispose of the same according to law.