The opinion of the court was delivered by
Miller, J.
The relator seeks the writs of certiorari and prohibition to restrain further proceedings in the suit against her for twenty dollars for rent, brought in the Third City Court.
It appears from the record that the premises for which the rent is claimed was purchased by the husband of relator during the marriage. The plaintiff suing for rent is the heir of the husband recognized and decreed to be put in possession by the Civil District Court. The relator excepted to the jurisdiction of the Third City Court on the ground that ratione materise the court had no jurisdiction of the controversy, involving as it did the right of the widow in community to occupy immovable property acquired during her marriage, and the act by which her husband purchased the property was annexed and made part of the exception. The court sustained the jurisdiction, and this application followed.
The jurisdiction of the city courts is of controversies in which the' amount involved does not exceed one hundred dollars. But there-has always existed this qualification of the jurisdiction of justices of the peace, now succeeded by the city courts, that justices shall have-no jurisdiction when the suit involves the question of the title or' right of possession of an immovable. This limitation, in our view,is in full force and applicable to the city courts, as it was to the jus--tiee’s courts, displaced by the city courts. Constitution, Art. 135; Amendment Act No. 125 of 1882, Sec. 5; Act No. 45 of 1880; Beard vs. Cash, 32 An. 122; Code of Practice, Art. 1068.
We are not called on for any opinion whether or not the property for which the rent is claimed belongs to the community existing between the relator and her deceased husband. But to determine the question of jurisdiction we take cognizance of the character the law places on property acquired during the marriage, and especially of that acquired by the husband, though with funds derived from his separate property. Civil Code, Art. 2402; Paradise vs. Farmers’ and Merchants’ Bank of Memphis, 5 An. 710. We also take cognizance that the surviving wife owes no rent for the property occupied by her at the time of the husband’s death, whether the *1562 property belongs to the husband’s heir or the community; at least, while the delay for accepting the community is running. Civil Code, Art. 2422. It is manifest in this case the relator in the lower court asserted by her exception a title to the immovable, and right of possession. The contest is between the heir and the widow in community with reference to the immovable claimed by the heir as separate property of her deceased father in his life and accruing to the heir by inheritance, and by the widow as owning one-half in her community right. In any aspect the controversy involves the title and possession of the immovable. Questions of that character can not be determined by a suit for rent brought by the heir against the widow and are beyond the jurisdiction of the Third City Court.
It is therefore ordered, adjudged and decreed that the proceedings and judgment of the Third City Court be avoided and set aside, and the court, in the suit of Hall vs. Widow Toussaint, is directed to proceed no farther in execution of said judgment.