**(114 So. 832)**

**No. 28681.**

**FIRST NAT. BANK OF RUSTON v. LA-
GRONE (EDENBORN, Garnishee).**

**In re LAGRONE.**

Oct. 31, 1927.   Rehearing Denied Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬥150(1)—Judgment
debtor has pecuniary interest, entitling him to
appeal from judgment ordering sale of proper-
ty seized in hands of third party.**

Judgment debtor is not deprived of right to
suspensive appeal from judgment ordering
property seized in hands of third party under
fi. fa. issued on judgment to be sold by sheriff,
on ground that he had no pecuniary interest in
such judgment.

**2. Appeal and error ⬥140—Judgment debtor
may appeal as party defendant from judgment
in garnishment proceeding, in which he was
not cited and made no appearance.**

Judgment debtor is entitled as party to ac-
tion to suspensive appeal from judgment order-
ing property seized in hands of third party to be
sold by sheriff, notwithstanding that he was
not actually cited and made no appearance in
garnishment proceeding, since he is neverthe-
less in contemplation of law party defendant in
such suit.

**3. Appeal and error ⬥136—Appeal should not
be denied, unless clearly not allowable.**

Right of appeal should always be entertain-
ed with favor, and never denied, except in cases
where appeal is clearly not allowable, in view
of Code Prac. art. 565.

**4. Parties ⬥21—There must be at least two
parties present or represented to constitute
"action," but there may be other parties than
plaintiff and defendant; "suit" (Code Prac.
arts. 99, 101).**

To constitute suit or action, there must be
two parties present or represented under Code
Prac. art. 99, though one may fail to appear, but
there may be other parties to suit than plaintiff
and defendant, such as warrantors, third per-
sons intervening, and parties opposing, under
article 101.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Action
—Action at Law; Suit.]

**5. Garnishment ⬥6, 8—Creditor's proceed-
ing to cite person to declare what property of
debtor he possesses may be under attachment
or after final judgment, where execution issu-
ed (Code Prac. art. 246).**

Creditor's proceeding, under Code Prac. art.
246, to make third person party to suit by hav-
ing him cited to declare what property of de-
fendant he has in his possession may be had
under attachment issued against debtor, or after
final judgment has been rendered, if creditor
has caused execution to be issued.

O'Niell, C. J., dissenting.

Action by the First National Bank of Rus-
ton against J. M. Lagrone, with Mrs. Sarah
Edenborn, as garnishee.   A judgment was
rendered, ordering the sale of defendant's
property, and he applies for writs of certiorari
and mandamus.   Alternative writ of man-
damus made peremptory.

Theus, Grisham & Davis, of Monroe, for
relator.

Dhu Thompson, of Ruston, and Barksdale,
Bullock, Warren, Clark & Van Hook, of
Shreveport, for respondent First Nat. Bank.

Wise, Randolph, Rendall & Freyer, of
Shreveport, for garnishee.

THOMPSON, J.   The question presented in
this application is whether a judgment debtor
has the right to a suspensive appeal from a
judgment ordering his property to be sold by
the sheriff, which had been seized in the hands
of a third party under fi. fa. issued on the
judgment.

The plaintiff bank obtained a judgment
against the defendant Lagrone in the district
court of Lincoln parish, and one in the dis-
trict court of Grant parish, the two judg-
ments aggregating the sum of $3,000, plus in-
terest and attorney fees.

Having caused execution to be issued on the
two judgments, the plaintiff filed a petition
in the district court of Caddo parish, citing
Mrs. Sarah Edenborn, widow of the late Wil-
liam Edenborn, who had been recognized as
his sole heir, as a party garnishee and pro-

pounding to her the usual questions addressed to a garnishee.

In answer to the questions, Mrs. Edenborn said that she was not indebted to Lagrone in any sum whatever, directly or indirectly. She stated, however, that she had in her possession and under her control a stock certificate for 50 shares of the capital stock of the Colfax Lumber & Creosoting Company, Inc., issued in the name of Mrs. Della Bright Lagrone, and which the said Mrs. Edenborn understood to be Mrs. Lagrone's property.

She further answered that she had in her possession and under her control a stock certificate for 200 shares of the capital stock of said Lumber and Creosoting Company, issued in the name of J. M. Dowden, but which the said Mrs. Edenborn understood to be the property of J. M. Lagrone.

In further answer, Mrs. Edenborn declared that the stock certificates referred to were held by her in pledge and to secure and guarantee the performance by said J. M. Lagrone of the obligations of a certain contract between him and William Edenborn of date May 20, 1923.

After the answer was filed by the garnishee and within the legal delay, the plaintiff filed a rule on the garnishee to traverse her answers, and on a trial of this rule there was judgment in favor of the plaintiff, ordering the said Mrs. Edenborn to deliver the shares of stock to the sheriff of Caddo parish, to be by him sold according to law to satisfy the plaintiff's judgments, said sale to be subject to the pledge of said stock certificates under the contract between Edenborn and Lagrone.

The judgment so rendered was signed April 30, 1927, and on May 4 the defendant Lagrone and his wife, Mrs. Della Bright Lagrone, through counsel, filed in open court a written motion for a devolutive and suspensive appeal to the Supreme Court, in which it was alleged that the judgment rendered was contrary to law and the evidence.

The motion was granted in favor of Mrs. Lagrone, but denied as to J. M. Lagrone.

Thereupon the present application was filed in this court.

[1, 2] In his return to the rule to show cause, the respondent judge alleges as his reasons for refusing the appeal that the motion did not disclose any pecuniary interest to be affected by the judgment; that Lagrone was not a party, other than as judgment debtor, and made no appearance and took no part in the proceedings. The respondent further alleges that there was no reason urged why the property should not be sold as the law directs to satisfy the execution, and further cites authorities to show that property of any nature, held in pledge by a creditor, may be seized and sold at the instance of another creditor, but subject to the pledge.

We have no concern with the merits of the case, nor with the question as to the correctness or incorrectness of the judgment rendered. We cannot anticipate the issues raised or to be raised on the appeal, should one be allowed.

It may be that this court will find the judgment to be correct and that the defendant has suffered no injury that would justify the appeal. But such questions are outside of the present inquiry.

The Code of Practice declares that one may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default. Article 565.

[3] And it has been frequently said by this court that the right of appeal is a constitutional, valuable, and precious one, which should always be entertained with favor and never to be denied, save in cases where an appeal is clearly not allowable. State v. Judge, 30 La. Ann. 285; Allen August & Co. v. Cary et al., 32 La. Ann. 1126.

It is undisputed that the judgment sought

to be appealed from is a definitive judgment, and that the amount of the original judgment sought to be executed, as well as the value of the stock certificates ordered sold, exceed the lower limit of the appellate jurisdiction of this court.

These jurisdictional facts are clearly shown, and are conceded by the respondent judge in allowing an appeal to the judgment debtor's wife, who was likewise no party to the garnishment proceeding.

So that, if there is no right of appeal in favor of Lagrone, it must be found in the fact that he is to be viewed as a third party to the garnishment proceeding and without any pecuniary interest in the subject-matter adjudicated upon.

We confess our inability to find any law in this state, statutory or otherwise, which declares that a defendant ceases to be a party to a suit after final judgment is rendered against him.

Nor have we been able to find any authority to support the proposition that a judgment debtor has no pecuniary interest in the seizure and sale of his property under judicial process.

[4] In order to constitute a suit or action, there must be at least two parties present or duly represented, though one of the two may fail to appear; it is therefore that they are called the principal parties to the suit. C. P. art. 99.

Besides the plaintiff and defendant, there are often other parties to the suit, such as warrantors, third persons intervening, and parties opposing. C. P. art. 101.

[5] Article 246 also provides that a creditor may make any third person a party to his suit, by having him cited to declare on oath what property belonging to the defendant he has in his possession. This proceeding to make such third party a party to the suit may be had under an attachment issued against the debtor, or after a final judgment

has been rendered, if the plaintiff has caused execution to be issued on his judgment.

In considering the foregoing articles of the Code of Practice, this court said in Bank of Monroe v. Ouachita Valley Bank, 124 La. 803, 50 So. 720, 134 Am. St. Rep. 518:

"The law, however, seems to contemplate that the person sought to be made garnishee shall be made a party to, and proceeded against in; the suit in which the plaintiff is seeking to obtain, or has obtained, judgment against his debtor."

In the instant case, it is true the proceeding was not taken out in the court that rendered the original judgment and the domicile of the debtor, but the style of the case in the caption of the plaintiff's petition is given as that contained in the original suit, with the addition of Mrs. Sarah Edenborn, garnishee.

Whether the plaintiff had the right to institute such proceeding in the parish of Caddo is a question which does not arise in this application, and on which we express no opinion.

The fact remains, however, that the plaintiff and defendant continued to be parties in the same capacity as they were in the original judgment; and Mrs. Edenborn became a third party to that suit in the capacity of garnishee.

There was not, and could not have been, any independent suit against her as garnishee, holding property of the judgment debtor, without an execution having been issued on said judgment. That execution was issued against Lagrone, and it commanded the seizure of his property in the hands of Mrs. Edenborn. It is true Lagrone was not actually cited, and made no appearance in the garnishment proceeding; nevertheless he was in contemplation of law a party defendant in the suit. As such he had an interest in the matter of the execution of the judgment against him, and in the seizure and sale of his property.

It goes without saying that a party to a suit can always appeal, where an appeal lies,

without having to allege and show a pecuniary interest in the subject-matter of the suit and judgment.

It is only those parties who are not parties to a suit who, in order to be entitled to appeal, must show that they have an interest and are aggrieved by the judgment.

But, even if Lagrone could be regarded as a third party, in the sense in which that word is used in matters of appeal, he certainly has an interest sufficient to entitle him to an appeal from a judgment which seeks to take his property from the custodian, who holds for him, and directs such property to be seized and sold under the execution.

For the reasons assigned, the alternative writ of mandamus herein issued is now made peremptory, at the cost of the plaintiff.

O'NIELL, C. J., dissents.