No. 515

First Circuit

A. MATERNIS CO., INC., v. BATON ROUGE POSTER ADVERTISING CO.

(December 3, 1929. Opinion and Decree.)

W. O. Watson, of Baton Rouge, attorney for plaintiff, appellee.

Ratcliff & Herget, of Baton Rouge, attorneys for defendant, appellant.

MOUTON, J. Plaintiff company obtained the issuance of a preliminary injunction prohibiting defendant company from placing a signboard on a piece of property which plaintiff alleges was leased to it by Babin and Laycock of the city of Baton Rouge.

After attacking the issuance of the preliminary orders which had been issued in the case for technical reasons, which it is unnecessary to notice, defendant filed its answer asking the recall of the preliminary injunction; also, that the court decree the strip of ground in contest to be covered by a lease which defendant contends it had obtained from Babin and Laycock, the alleged lessors of the plaintiff; that it have possession thereof, and damages in the sum of $300 for the alleged destruction of an advertising signboard, for worry and loss of time, for rents and good will. This claim for damages embodies a reconventional demand.

The lower court rendered judgment perpetuating the injunction from which defendant prosecutes this appeal.

In its petition plaintiff alleges that it leased the property from Babin and Laycock for one year, dating from September 15, 1928, and without averring for what amount. The proof shows that the lease to plaintiff was at $10 per year, but if for more than one year, it does not appear. It is therefore plain from the allegations of plaintiff's petition, and the proof that as to amount this court would be without jurisdiction, as there is nothing to indicate that the lease was for a sum exceeding $100.

This court has, however, jurisdiction in all cases where the district courts have exclusive original jurisdiction, regardless of the amount involved. Const. 1921, art. 7, sec. 29, p. 46.

The Constitution, article 7, section 48, which confers jurisdiction on justices of the peace, gives them jurisdiction concurrently with district judges in suits not exceeding $100 of landlords for possession of leased premises for monthly or yearly rents for the unexpired term of the lease, not exceeding said amount. If this suit was of that character it would be proper to decide that the jurisdiction of the district court was not exclusive in this case so as to invest us with jurisdiction.

Section 48, conferring jurisdiction on jus-

tices, above cited, proceeds to say, however, that these justices shall have no jurisdiction when the title to real estate is involved which is also found in Const. 1921, section 35, article 7, par. 3, p. 49.

Civ. Code, article 2015, says that leases on land form real obligations. As these contracts give real rights, we think it safer, as the right of appeal is liberally construed, to hold that the justices of the peace had no concurrent jurisdiction with the district judge in the instant case under sections 35 and 48 above cited, as to which we do not find it to be "otherwise provided" in the Constitution.

It will be observed that plaintiff alleges that its lease was for one year from the 15th of September, 1928, to the 15th of September, 1929. Hence, it is plain from plaintiff's own allegation, and from the proof to which we have hereinabove alluded, that the lease expired on September 15, 1929. Any obligation that might have arisen in favor of plaintiff under that lease has therefore been extinguished by the limitation of time, and any right of action plaintiff may have had thereunder has likewise ceased to exist and is extinguished.

In the case of McMichael vs. Thomas, 164 La. 233, 113 South. 828, the issue was as to whether plaintiff had any interest in the suit, as it was contended that defendant had purchased plaintiff's claim. The case was remanded to establish that fact, which having been shown, the court, when the case came back for review, said the obligation had been extinguished, and for that reason dismissed the appeal.

Here, plaintiff has no more interest in the lease which has expired on September 15, 1929, and this court could not possibly affirm a judgment perpetuating an injunction on a lease, which if it ever existed, had been extinguished. Hence, acting in compliance with the course adopted by the court in McMichael vs. Thomas, 164 La. 233, 113 South. 828, the appeal, as to plaintiff's suit, is hereby dismissed.

## RECONVENTION

The defendant claims in reconvention that its rights under its lease from Babin and Laycock covers the location where plaintiff has erected its signboard; and, asks that the preliminary writ of injunction be recalled; that the property in contest be decreed to be under its lease, and defendant entitled to its possession. Having dismissed the appeal of the plaintiff, we cannot consider the foregoing propositions which would necessarily bring into contest the issues involved in the suit of plaintiff, under its alleged lease, which we cannot review, having dismissed its appeal. It is different, however, in reference to the claim in damages for the alleged acts of the plaintiff in demolishing defendant's signboard, and for the resulting worry and loss of rents.

These damages, if committed by plaintiff, can be considered independently of plaintiff's rights under its alleged lease, as they would be the result of an unlawful invasion of private property. Defendant, no doubt, has an appeal to this court for its claim of $300 damages under section 1, article 7, of the Constitution of 1921, which grants an appeal on a reconventional demand to the court having jurisdiction of the main demand; and, if there be no right of appeal on the main demand, to the court having jurisdiction of the reconventional demand. The proof shows that plaintiff erected its signboard at a distance of over 21 inches from the signboard of defendant, and not within the line to

which defendant was entitled to possession under its lease from Babin and Laycock. There was therefore no violation of the rights of possession or property of defendant by the plaintiff, and hence there is no foundation to support the claim in reconvention asserted herein.

The claim for damages in reconvention by defendant is denied and rejected, the defendant to pay the costs incurred in the reconventional demand, and on this appeal.