No. 3775

**Second Circuit**

———

STEPHENS v. JONES

———

(July 5, 1930.   Opinion and Decree.)

———

Foster, Hall, Barret & Smith, of Shreveport, attorneys for plaintiff, appellee.

Wise, Rendall, Randolph & Freyer, of Shreveport, attorneys for defendant, appellant.

WEBB, J.   Plaintiff, B. J. Stephens, alleged that he was the owner of a tract of land or lot, situated in the city of Shreveport, and that defendant, Matilda Jones, was the owner of an adjoining and contiguous tract of land or lot; that defendant had caused a board fence to be constructed which encroaches upon plaintiff's land and is over the boundary line between the respective properties, and that the encroachment interferes with plaintiff's right of enjoyment of his property, etc.; that plaintiff had been damaged to the extent of $100, and that he was entitled to a mandatory injunction ordering defendant to remove the fence; and plaintiff prayed for judgment accordingly.

The suit was filed in the city court of the city of Shreveport, and defendant excepted that the court was without jurisdiction and moved that the suit be dismissed; and the exception being overruled and motion refused, defendant answered, admitting the ownership of the respective properties as alleged by plaintiff; that she, defendant, had constructed a fence between the properties, and alleging that the fence was correctly located, and setting forth the cost of constructing the fence, and that she was entitled to recover judgment against plaintiff for one-half of the cost of the fence; defendant prayed that plaintiff's demands be rejected and for judgment against plaintiff for one-half of the cost of the fence, and all costs of suit.

On trial judgment was rendered in favor of plaintiff ordering defendant to remove the fence.   Defendant appeals, urging that the court erred in overruling the plea to the jurisdiction and in refusing to dismiss the suit, and, on the merits, that the court erred in ordering the fence removed, and in refusing to grant defendant judgment on her reconventional demand.

In support of the position that the city court of Shreveport was without jurisdiction, appellant cites Act No. 28 of 1921 (Ex. Sess.) under which the court is vested with concurrent original jurisdiction with

the district court of suits when the amount in dispute or the value of the movable property involved does not exceed $300, exclusive of interest, and of actions by landlords for the possession of leased premises, where the monthly or yearly rental for the unexpired term of the lease does not exceed the amount of $300, but in which the court is declared to be without jurisdiction of certain actions, "or where the title to real estate is involved," and appellant urges that the right to have the fence removed is in the nature of an action of boundary or accessory of the right of ownership in real estate, and is a real right and that the court was without jurisdiction.

There cannot be doubt that the right which plaintiff seeks to enforce is a real right as distinguished from a personal right, whether the demand has as its object the protection of plaintiff's rights in the real estate owned by him, or whether the action is in the nature of an action of boundary (articles 11 and 12, C. P.; Broussard v. Cormier et al., 154 La. 877, 98 So. 403; C. C. art. 823 et seq.), but appellee urges that the action does not involve the title of the respective parties to the properties, and that the provision in the statute, that the court has not jurisdiction of actions where the title to real estate is involved, should be construed as including only actions when the title to real estate is at issue. In support of the position, appellee cites the decisions in which it has been held that, certain courts vested with jurisdiction under the Constitution of actions in which the amount involved does not exceed $100, exclusive of interest, including actions for the ownership or possession of movables or actions by landlords, when the amount involved was within the limit fixed, had jurisdiction of an action to recognize and enforce a lien on real estate. Clade v. La Salle Realty Com-

pany, 144 La. 991, 81 So. 598; Demourelle & Sons v. Caraway, 3 La. App. 331.

There was not any provision in the law considered in the cited cases declaring that the court should not have jurisdiction of actions where the title to real estate is involved, and we do not think that the decisions cited are applicable in the present instance, whether the object of the suit is to protect the rights of plaintiff in real estate owned by him, or whether the action is in the nature of an action of boundary.

Plaintiff did not allege that the boundary between the properties had been established and defendant did not admit that the boundary had been established, nor does the evidence show any such fact, and it is obvious that the court was required to determine the boundary between the properties before it could be determined what was the relative position of the boundary and the fence, and, after determining that question, it was necessary for the court to determine whether any part of the fence should be located on the boundary line, or wholly on the land of the proprietor constructing the fence.

From any point of view, we think the action was in the nature of an action to fix the boundary between the properties, and it is not suggested that the court was vested with jurisdiction to fix the boundary, and we are of the opinion that the provision which declares that the court should not have jurisdiction of any action, when the title to real estate is involved, should be construed as including actions in which real rights or accessory rights of ownership in real estate are involved (see section 48, art. 7, Constitution; articles 12, 1062, 1063 C. P.; State ex rel. Fredericks v. Skinner, 33 La. Ann. 146; State ex rel. Buisson v. Judge, 33 La. Ann. 419; Manteris Co., Inc.,

v. Advertising Co., 125 So. 293), and that the court was without jurisdiction.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that the suit be dismissed at plaintiff's cost.