Defendant-appellee, Kieckhefer Container Company, moves to dismiss this devolutive appeal, which was taken by plaintiff from a judgment dismissing his suit. The appeal was petitioned for and granted on May 23, 1949. The appeal bond in the amount fixed by the court was filed on the same day the order of appeal was granted.
Shortly thereafter appellee filed a motion in the lower court seeking the dismissal of the appeal, because of certain alleged defects and irregularities in the appeal bond. The court directed appellant to show cause on a fixed day why the appeal should not be dismissed.
On June 6, 1949, which was prior to the return date of the rule, appellant, by supplemental and amended petition, prayed for leave, under Act No. 112 of 1916, as amended, to furnish an additional or substitute bond in lieu of the first bond, and upon the court granting appellant such authority, plaintiff filed a new bond for $200.00, and when the rule to dismiss was subsequently called for trial, it was denied "without prejudice to the right to renew in appellate court."
In the motion to dismiss now before us, and in the accompanying brief, the sole contention is that appellant's attempt to furnish a substitute bond was ineffectual and that the appeal should be dismissed because the new bond recites that it was given in connection with a motion of appeal filed June 6, 1949, and is, therefore, *Page 104 
not a proper bond and cannot support the appeal of May 23, 1949.
The substitute bond, bearing the date June 6, 1949, recites that it was furnished in connection with "a motion of devolutive appeal" filed by plaintiff "this day."
Appellant was granted but one appeal, and that on May 23, 1949. In the supplemental and amended petition of June 6, 1949, no request was made for a new appeal. Quite to the contrary, the only belief sought by appellant was that he be accorded the privilege of filing a new appeal bond, and the court's order merely authorized him to do so.
The purpose and intent of Act No. 112 of 1916, as amended, is to grant any litigant in this state, who has furnished bond in connection with any judicial proceeding, and such bond is insufficient in amount or incorrect by reason of errors or omissions therein, the right to correct such insufficiency, error or omission in the court of original jurisdiction, by furnishing new and additional bond and surety conditioned according to law. When a new bond is so furnished, it shall have the same effect as to principal and surety as if it had been furnished originally.
Bearing in mind the well established rule that the right of appeal is to be favored and fostered, and looking to the substance of things, we do not think that the appeal should be dismissed merely because the second bond recites that it was furnished in connection with a motion of appeal filed "this day." The bond can unmistakably be identified with the appeal.
The motion to dismiss is denied.
Motion denied. *Page 129