McBRIDE, Judge.
These consolidated matters come before us on an application of the relators for a writ of mandamus, commanding the Judge of the Twenty-ninth Judicial District Court for .the Parish of St. John the Baptist to grant to each of them a suspensive appeal from a judgment of the said district court ordering each relator to vacate certain living quarters belonging to the plaintiff corporation and occupied by each relator, a laborer on plaintiff’s sugar plantation, as a dwelling place by each relator and his family.
When the judgments of eviction were rendered, each defendant prayed for a sus-pensive appeal, and when each was denied a suspensive appeal, he made application to this court for an order commanding the district judge to grant such suspensive appeal or to show cause to the contrary on a day which was fixed in the said order.
We granted the said alternative order, and the returns have now all been filed and the matter is before us on the one question of whether relators, who were ordered evicted by the judgments of the district court, are entitled to appeal suspensively from those judgments of eviction.
The plaintiff corporation and the_ respondent judge state that the suspensive appeals to this court were denied for two reasons: (1) because this court has no jurisdiction ratione materiae since the amount involved in each case has a value of less than $100, and (2) that no appeal is granted by law to a person who is evicted under the provisions of the so-called Sharecroppers Act, LSA-R.S. 13:4911 et seq.
When we come to consider the first question — that which involves our jurisdiction ratione materiae — we note at once what, of course, is obvious, that we are without right to order the granting of an appeal in a matter of which we would have no jurisdiction. If authority for this statement is necessary, it may be found in State ex rel. Chandler v. Auditor, Treasurer, 33 La.Ann. 1469.
*208 The jurisdiction of this court extends to all cases, civil and probate, of which .the Civil District Court for the Parish of Orleans, or the district courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in the Constitution. La.Const.1921, art. 7, §§ 10, 29, 77.
Respondent, Godchaux Sugars, Inc., advances the argument that the jurisdiction exercised by the district court was concurrent with the appropriate justice of the peace court in that the amount in controversy is less than $100, and that consequently we have no jurisdiction of appeals in the matters. Counsel say that where a day laborer occupies a dwelling or residence as an incident to his employment, his right to occupy such premises is a day-to-day right contingent upon his being employed, and that the only value in question or that can be said to exist is the value of one day’s occupancy, which under no circumstances can be over $100 anywhere within the sugar cane growing area.
There being no right to appeal to this court from the decision of a justice of the peace, except insofar as the city courts in the Parish of Orleans have jurisdiction, which is exercised by justices of the peace in other parishes, we are concerned with the question of the value of the amount in dispute only if our own jurisdiction, which is limited to $2000/ is involved, and we are convinced that the amount in controversy is much below that figure.
Whether we have jurisdiction of the appeals depends on whether the district court had'exclusive jurisdiction to try and determine the suits. If exclusive jurisdiction attached to the district courts, the amount involved being less than $2000, then we have jurisdiction of the appeals.
District courts throughout the State, except in the Parish of Orleans,
“ * * * shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices ;of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; and in all cases where the title to real estate, or the right to office, or other public position, or civil or political rights are involved, and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution. District Courts shall be courts of record, except in cases where they have concurrent jurisdiction with justices of the peace.” 'Const, of 1921, art. 7, § 35.
The jurisdiction of justices of the peace is defined by the Constitution of 1921, art. 7, § 48, thus;
“Justices of the peace shall have concurrent jurisdiction with the District 'Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession of ownership of movable property not exceeding said amount in- value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount.
“They shall have no jurisdiction in succession or probate matters, or when a succession is defendant, or when the State, parish or municipality, or other political corporation, is party defendant, or when the title to real estate is involved.”
It has been called to our attention that -our Brothers of the First Circuit were confronted with similar applications for writs of mandamus in the like matters of Milliken & Farwell, Inc. v. Brown (Godchaux Sugars, Inc. v. Bolotte,) La.App., 69 So.2d 85, and they held that they had no jurisdiction of the appeals sought to be coerced and denied the applications for the writs. The opinion rendered in that case holds that less than the sum of $100 was *209 involved in each case, and that the controversies were of such a nature that the district court had concurrent jurisdiction with the justices of the peace. The court said:
“ * * * we do not have jurisdiction in this matter in view of the fact that this is a type of proceeding that can be brought either in the Justice of the Peace’s Court or the District Court and that the amount involved herein does not exceed $100.00, which would grant this court appellate jurisdiction.”
We cannot agree with our Brothers of the First Circuit Court of Appeal in the conclusions reached, and are convinced that we have jurisdiction of 'these appeals, if allowable by law, in the cases which are involved in the applications for writs now ■before us.
Justices of the peace in this State have never been granted jurisdiction of a case having for its object the possession of an immovable, save in suits brought by landlords against their tenants for possession of property occupied by the tenant under lease.
The Constitution of Louisiana of 1868, in art. 89, after making.provision for justices of the peace sets forth that:
“ * * * They shall hold office for the term of two years, and their compensation shall be fixed by law. Their jurisdiction in civil cases shall not exceed one hundred dollars, exclusive of interest, * *
Our present Code of Practice, as re-enacted by Act 98 of 1870, in art. 1068 [see also LSA-R.S. 15:303 note], provides:
“Justices of the peace have no jurisdiction when the right of property or the possession of an immovable is called in question, although the amount of the demand may not exceed the sum of which they are allowed to take cognizance.”
See, also, Code of Practice, arts. 1061, 1062, 1063.
In Art. 125 of the Constitution of 1879 the, judicial- powers of the justices of the peace are set forth as follows:
“They shall have exclusive original jurisdiction in all civil matters when the amount in dispute shall not exceed fifty dollars, exclusive of interest, and original jurisdiction concurrent with the district court, when the amount in dispute shall exceed fifty dollars, exclusive of interest, and shall not exceed one hundred dollars, exclusive of interest.”
The Constitution of 1898, in art. 84, likewise embraced justices of the peace within the State’s judicial system, and by art. 126 broadened their jurisdiction thus:
“They shall have exclusive original jurisdiction- in all civil matters, when the amount in dispute shall not exceed fifty dollars, exclusive of interest, and original jurisdiction concurrent with the District Court when the amount in dispute shall exceed fifty dollars, 'exclusive of interest, and shall not exceed one hundred dollars, exclusive of interest; including suits for the ownership or possession of movable property not exceeding said amounts in value, and suits by landlords for possession of leased premises, when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed said amounts. They shall have no jurisdiction in succession or probate matters, or when a succession is a defendant, or when the State, parish or any municipality or other political corporation, is a party defendant, or when title to real estate is involved. * * * ”
The ill-fated Constitution of 1913, by the terms of art. 126, fixed the jurisdiction of the justices of the peace as follows:
“They shall have exclusive original jurisdiction in all civil matters, when the amount in dispute shall not exceed fifty dollars, exclusive of interest, and original jurisdiction concurrent with *210 the District Court when the amount in dispute shall exceed fifty dollars, ex^ elusive of interest, and shall not exceed one hundred dollars, exclusive of interest; including suits for the ownership or possession of movable property not exceeding said amounts in value, and suits by landlords for possession of leased premises, when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed said amounts. They shall have no jurisdiction in succession or probate matters, or when a succession is a defendant, or when the State, parish or any municipality or other political corporation, is a party defendant, or when title to real estate is involved. * * *»
The present Constitution of 1921, as has been already said, art. 7, § 48, establishes the jurisdiction of justices of the peace as concurrent with the district court in all civil matters when the amount in dispute shall not -exceed $100, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, o-r the rent for the unexpired term of the lease, does not exceed said amount.
We have made a careful search of the jurisprudence for cases dealing with the precise question confronting us on the jurisdictional plea, i. e., whether a justice of the peace has cognizance of a suit for the possession of real property other than a suit by a landlord against his tenant, and have been able to find several holdings which we believe to be authority for our conclusion, that if appeals are to be allowed from the cases instituted by God-chaux Sugars, Inc., we have jurisdiction of those appeals for the reason that the suits were of such nature as to be included within the exclusive jurisdiction of the district court.
In the State ex rel. Buisson v. Judge of Second City Court, 33 La.Ann. 419, decided in the year 1881, the plaintiff, alleging herself to be the owner of certain improved real estate in possession of the defendant, charged him with being a usurper and prayed his ejectment therefrom by suit filed in the Second City Court of New Orleans. The defendant excepted to the jurisdiction of the court ratione materiae, and his exception was overruled and ultimately a judgment by default was taken against him, from which he was denied an appeal. Defendant then filed application for a writ in the Supreme Court, alleging that the lower court was devoid of jurisdiction ratione materiae and had exceeded the bounds of its jurisdiction, and that he feared that the court would proceed to execute the judgment of ejection. He accordingly prayed for a writ of prohibition, which was ordered issued by the Supreme Court, which, in holding that the trial court was without jurisdiction to try the case, said:
“The respondents have answered, but have not justified the exercise of the powers complained of.
“The relations of the parties are not those of landlord and tenant.
“The city courts of New Orleans are clothed with the civil jurisdiction which vested in justices of the peace previously in existence. It extends to all cases in which money or movable property not exceeding one hundred dollars is claimed. In the case of State ex rel. Fredericks v. [Skinner] Duffy et al., O.B. 54, f. 80, [33 La.Ann. 146] recently decided, we held that those courts could entertain suits by landlords for the expulsion of tenants, in proper cases.
“See, also, [State ex rel. Howard v. Walsh] 32 La.Ann. 1234, [State v. Domingues, 32 La.Ann.] 428.
“Article 1068 of the Code of Practice, which applied to city courts, provides :
“ ‘Justices of the peace have no jurisdiction when the right of property or the possession of an immovable is called in question, although the amount *211 of the demand may not exceed the sum of which they are allowed to take cognizance.’
“Applying that law to the case before us, in which a right to the possession of an immovable is invoked, we consider that the relator is entitled to the relief sought.”
See, also, State ex rel. Toussaint v. Judge Third City Court, 49 La.Ann. 1560, 22 So. 814.
While the Constitution of 1898 was the organic law, in Clade v. La Salle Realty Co., 144 La. 989, 81 So. 598, 599, the trans-ferree of a paving certificate issued by the City of New Orleans brought suit against the debtor-defendant for $100 as being owed on the paving certificate, and prayed for a judgment for that sum, with interest, and with recognition of the lien and privilege on the immovable property, and for a judicial sale thereof to satisfy the claim. The defendant excepted on the ground that the action was one affecting immovable property, of which the First City Court of New Orleans was without jurisdiction ratione materiae. The Supreme Court sustained the jurisdiction of the First City Court for the reason that a suit to enforce, against immovable property, a lien securing a claim for money no more involves the ownership or right of possession of such property than does a suit for the recovery of the money or for the enforcement of the judicial mortgage, which may result from the registry of a judgment obtáined in such suit. In its discourse on the jurisdictional question the Supreme Court pointed out that the First City Court of New Orleans was vested with exclusive original jurisdiction in all civil cases when the amount in dispute or the fund to be distributed does not exceed $100, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed that amount, citing Constitution of 1898, art. 143. But said the Court:
“Neither the Constitution nor any statute that we know of confers upon the court jurisdiction of suits involving title to immovable property, or the possession thereof, save as between landlord and tenant. On the other hand, the grant of jurisdiction in ‘all’ (civil) ‘cases’ involving not more than $100 in principal is a broad one, and, as we think, includes an action to enforce a lien upon immovable property for an amount not exceeding $100, exclusive of interest. In the case of Elwyn v. Jackson, 14 La. 411, to which we are referred, the court was dealing with the jurisdiction of a city court of 1840, conferred by a statute of anterior date, which expressly excepted from that jurisdiction actions of ‘a real nature,’ and it held that a seizure and sale, in foreclosure of a mortgage, was included in the exception.
“In State ex rel. Buisson v. Judge, 33 La.Ann. 419, this court, construing article 135 of the Constitution of 1879, which conferred upon the city courts of New Orleans ‘exclusive and final jurisdiction over all sums not exceeding $100, exclusive of interest,’ but did not, as does article 143 of the present Constitution, in express terms, confer jurisdiction in ‘suits for the ownership or possession of movable property not exceeding that amount in value,’ or ‘suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed that amount,’ held that, under article 258 (of the 'Constitution of 1879), article 1068 of the Code of Practice, though referring in terms to justices of peace, was also applicable to their successors, the city courts, and, not being inconsistent with the provision of the Constitution, that it denied to those tribunals jurisdiction in suits involving the possession of immovable property (suits by landlords for pos *212 session of leased premises being excepted from that ruling). The article mentioned, however, declares that—
“ ‘Justices of the peace have no jurisdiction where the right'of property or the possession of an immovable is called in question, etc.’
“So that, the decision quoted is equally applicable to cases involving the ownership as to those involving merely the right of possession of im-movables. * * * ” . (Italics ours.)
The Second Circuit Court of Appeal in Stephens v. Jones, 14 La.App. 113, 129 So. 555, 556, held that the City Court of Shreveport was without jurisdiction of a suit to force the removal of a fence since the suit involved a “real right.” The court said:
“There cannot be doubt that the right which plaintiff seeks to enforce is a real right as distinguished from a personal right, whether the demand has as its object the protection of plaintiff’s rights in the real estate owned by him, or whether the action is in the nature of an action of boundary (articles 11 and 12, C.P.; Broussard v. Cormier, et al., 154 La. 877, 98 So. 403; C.C. art. 823 et seq.), * * *.
* * * * ' * _ *
“ * * * we are of the opinion that the provision which declares that the court should not have jurisdiction of any action, when the title to real estate is involved, should be construed as including actions in which real rights or accessory rights of ownership in real estate are involved (see section 48, art. 7, Constitution; articles 12, 1062, 1063, C.P., * * ' * ”
The First Circuit Court of Appeal in A. Manteris Co., Inc., v. Baton Rouge Poster Advertising Co., 12 La.App. 162, 125 So. 293, originating in a 'district court, was presented with the question whether it had appellate jurisdiction of a suit for an injunction prohibiting the defendant from placing a signboard on. certain property. The court found that from the allegations of plaintiff’s petition and from the proof that as to amount the court would be without jurisdiction," as there was nothing to indicate that more than $100 was involved, but the court determined that it had jurisdiction simply because the matter involved a “real right” and was one which was exclusively within the jurisdiction of the district court. Note the following:
“This court has, however, jurisdiction in all cases where the district courts have exclusive' original jurisdiction, regardless of the amount involved/ Const.1921, art. 7, § 29, p. 46.
“The Constitution, art. 7, § 48, which confers jurisdiction on justices of the peace, gives them jurisdiction concurrently with district judges in suits not exceeding $100 of landlords for possession of leased premises for monthly or yearly rents for the unexpired term of the lease, not exceeding saitl amount. If this suit was of that character, it would be proper to decide that the jurisdiction of the district court was not exclusive in this case so as to invest us with jurisdiction.
“Section 48, conferring jurisdiction on justices, above cited, proceeds to say, however, that these justices shall have no jurisdiction when the title to real estate is involved which is also found in Const.1921, art. 7, § 35, par. 3', p. 49.”
Therefore, the cases in which the appeals are sought being of such nature as to come within the exclusive jurisdiction of the district court, under the provisions found in art. 7, §§ 10, 29 and 77 of the Constitution of 1921, we have jurisdiction of appéals in those cases if it be determined that appeals will lie from the judgments therein.
We have noted that in LSA-R.S. 13:4913, providing for the trial of the rule in the so-called sharecroppers’ cases under which the proceedings in these cases were had, it is set forth that on the day and hour *213 that the rule is made returnable, which'day shall be the third day after the service of the rule, the justice or judge shall immediately try the rule and hear the defense, if any is made; The above would indicate that the Legislature attempted by its enactment to grant jurisdiction of actions under the Sharecroppers Act to justices of the peace.
We think that it should be noticed particularly that the -Legislature in enacting the Sharecroppers Act was careful to say that it was applicable only where the occupant was “other than a tenant or lessee,” and that throughout the statute the, person who occupies such premises is referred to as the “occupant,” or “possessor” and not as the “tenant” or “lessee.” Yet, the Legislature apparently failed to realize that if the occupant was not a tenant or lessee, it did not have the constitutional right to confer jurisdiction upon the justices of the peace in cases arising under that statute, for, as we have already shown, our Constitution, in section 48, art. 7, limits the jurisdiction of justice of the peace "where the possession of real property is involved to “suits of landlords for the possession of leased premises”.
It appears then that the attempt of the Legislature to confer jurisdiction upon justices of the peace in matters'.of this kind is clearly unconstitutional since the jurisdiction of our judicial tribunals flows from constitutional grants and not from any act or actions of the Legislature. See Twiggs v. Journeymen Barbers, etc., La.App., 58 So.2d 298, in which we cited as authority Succession of Dyer, 184 La. 251, 166 So. 68, 71. In the Dyer case the Supreme Court, in holding that the provision of Act 46 of 1932 (repealed 1950), which sought to confer jurisdiction upon the juvenile courts in adoption matters, was unconstitutional in that it -contravened art. 7, §§ 35 and 52 of the Constitution of Louisiana of 1921, said:
“ * * * the Legislature cannot take away from the district courts any of the jurisdiction conferred upon them by the Constitution and place such matters under the jurisdiction of juvenile courts, when the Constitution does not expressly -or impliedly authorize the Legislature to do so.”
Thus, being of the opinion that the cases in which appeals are sought are such as could only have beeen brought, in the district court, and. if appealable, the appeals are embraced within our jurisdiction,' we now consider the question of whether there may be suspensive appeals from the several judgments of eviction.
When we come to consider the question of whether a suspensive appeal will lie from a judgment of eviction rendered under the Sharecroppers Act, we find that the relators rely on Art. 565 of our Code of Practice which provides that “one may appeal from all final judgments rendered in causes in which an appeal is given by law, * * Plaintiff, however directs attention to the fact that this article does not say that appeals may be granted in all cases, but only in those cases in which “an appeal is given by law.” And a reference to the Sharecroppers Act itself shows that no appeal is expressly granted in that statute. Counsel for plaintiff also point to the fact that that section of the LSA-Revised Statutes, originally Act 298 of 1938, points out in detail the necessary steps for the eviction of day-laborers,' sharecroppers, etc. They show that such persons occupy premises of an owner for his accommodation, 'and they argue that Since the statute was passed in order to provide a speedy method by which an owner of premises may, when the reason for occupancy has terminated, evict those who occupy the premises through sufferance, no suspensive appeal should be allowed.
We agree with counsel for plaintiff that the statute “is summary in nature” and “was obviously intended as a speedy' means by which a landowner may gain possession of his house or premises.” And we further agree that it is quite possible that since laborers are necessary for planting, cultivation and harvesting of a crop, and since often it is impossible to obtain laborers unless living accommodations can be fur *214 nished them, -the necessary result may be that delay in securing accommodations will result in the loss of a crop. We also agree with counsel for plaintiff that it seems strange that the Legislature, in LSA-R.S. 13:4918 et seq., provided a method for the eviction of tenants where the -ordinary landlord-tenant relationship exists and placed certain restrictions on the granting of a suspensive appeal and yet 'did not expressly provide any restrictions in appeals in the case of sharecroppers. They argue from this that it must have been the intention of the Legislature that there should be no appeal at all in the. case of the eviction of a sharecropper. And yet we think that a review of our jurisprudence leaves no other course possible than to grant suspensive appeals to the relators here.
Counsel for plaintiff maintain that an appeal is not granted as a matter of right and they point to the following quotation from the opinion of our Supreme Court in State ex rel. Ryanes v. Gleason, 112 La. 612, 36 So. 608:
“An appeal is neither a matter of right, nor a necessary element of due process of law, but a privilege which it is entirely within the discretion of the state either to grant or to withhold. McKane v. Durston, 153 U.S. [684], 687, 14 S.Ct. 913, 38 L.Ed. 867. * * ”
Counsel for relators rely on Succession of Tullier, 216 La. 821, 44 So.2d 880, 881 as authority for the view that there is always a right to appeal. The language relied on reads as follows:
“ * * * When appealable, a judgment may always be appealed from sus-pensively, unless it come within one of the excepted classes. * * * ”
However, counsel for plaintiff point out that in that opinion it was not said that there may always be an appeal, but that when a matter is appealable there may be a suspensive appeal unless it comes within one of the excepted classes, and they direct attention especially to the words “when appealable.”'
Our conclusion that a suspensive appeal may ,be granted results largely from a reading of the decision of our Supreme Court rendered in 1884 in the matter of State ex rel. Johnson v. Houston, Judge, 36 La.Ann. 210. There the owner of premises, which were occupied under lease, attempted to evict the tenant, and the tenant sought a suspensive appeal fr-o-m the judgment of eviction. It was contended that no appeal would lie from such a judgment. The Supreme Court said:
“It is true that there are some judgments which become executory as soon as rendered, but they are specified by law. Those not included must -be deemed as intentionally omitted by the law-giver.
“It does not appear that the judgment sought to be suspensively appealed from belongs to the excepted class.
“The right of appeal is a constitutional one and cannot be abridged, whatever the effects may be, which the granting or enforcement of the same may provisionally occasion.”
We take those statements to mean that an appeal must always be granted, except in those cases in which the right to appeal is expressly denied by statute, notwithstanding that C.P. art. 565 provides that one may appeal from all final judgments in which an appeal is given by law. We think it possible that there may be cases in which a statute will be so clear on the subject that by implication it may be said that the right to appeal is denied, but it cannot be said that the statute in question, the Sharecroppers Act, by necessary implication denies the right of appeal. We are impressed with the language of the Supreme Court in Succession of Tullier, supra, to the effect that a j udgment may always be appealed from suspensively, unless it comes within one of the excepted cases.
There are some decisions of our Supreme Court to the effect that the right to appeal is a “constitutional,” “precious,” “import *215 ant” and “valuable” one. First Nat. Bank of Ruston v. Lagrone, 164 La. 907, 114 So. 832; State ex rel. Cazentre v. Judges of Court of Appeals, 41 La.Ann. 955, 6 So. 716; State ex rel. Levy v. Judges of Court of Appeals, 37 La.Ann. 395; State ex rel. Johnson v. Houston, Judge, supra; Allen, Nugent & Co. v. Cary, 32 La.Ann. 444; State ex rel. Durand v. Parish Judge of St. Martin, 30 La.Ann. 282; State ex rel. Roman v. Judge Sixth District Court, 22 La. Ann. 591; State ex rel. Johnson v. Judge of Fifth District Court, 21 La.Ann. 113; Succession of Bongiovanni, La.App., 183 So. 570; Hemenway, Inc., v. Roach, La. App., 175 So. 892. Though we ¡have not been able to find in oür Constitution any express provisions to the effect that the losing party may always appeal, we believe that all of the decisions on the subject seem to hold that there may be an appeal unless the right to appeal is denied either expressly or by necessary implication.
Appeals are to be maintained where-ever possible, as the right of appeal is favored and fostered, and in cases of doubt appeals will be upheld. First Nat. Bank of Ruston v. Lagrone, supra; Weber v. Kieckhefer Container Co., La.App., 42 So. 2d 103; Doll v. Dearie, La.App., 39 So.2d 640; Cotter v. Figaro, La.App., 36 So.2d 291; Benton v. Jacobs, 3 La.App. 274.
It follows that the relators are entitled to suspensive appeals despite “whatever the effects may be which the granting or enforcement of the same may provisionally •occasion.” State ex rel. Johnson v. Houston, Judge, supra.
For the reasons assigned, the alternative writ of mandamus heretofore issued is made peremptory, and it is now ordered that the Honorable L. Robert Rivarde, Judge of the Twenty-ninth Judicial District Court for the Parish of St. John the Baptist, be and he is hereby directed to grant to Luce Ockman, Nilton Larouse, Andrew La-rouse, and ¡Clarence Sylvan, suspensive appeals, conditioned as the law directs, from the judgments of October 24, 1953, against them in favor of Godchaux Sugars, Inc.; costs of this application are to be borne by Godchaux Sugars, Inc.
Writ of Mandamus made Peremptory.
Rehearing denied; Janvier, J., dissenting.